## UNITED PRODUCERS' PIPE LINE CO. v. BRITTON et al. (No. 1619.)

(Court of Civil Appeals of Texas. El Paso. May 8, 1924. On Motion for Rehearing, June 19, 1924. Further Rehearing Denied July 3, 1924.)

Interpleader ⬅18 — Interpleader comes too late where fund holder had opportunity to implead claimants before judgment.

A bill of interpleader comes too late when application therefor is delayed until after judgment has been rendered for one claimant of fund, especially where holder of fund had notice of conflicting claims prior to judgment and opportunity to implead adverse claimants.

Harper, C. J., dissenting.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action of interpleader by the United Producers' Pipe Line Company against A. G. Britton and others. Judgment for defend-

ants, and plaintiff appeals. Affirmed on re-hearing.

John J. Hiner and Glover C. Johnson, both of Fort Worth, for appellant.

Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellees.

HARPER, C. J. The Producers' Pipe Line Company instituted this action of interpleader and as grounds therefor alleged:

That A. G. Britton recovered a judgment against it in the sum of $1,890.08; that it has been abstracted in Tarrant county and is a cloud on the lands and properties of the plaintiff; that of said judgment has been assigned to the First State Bank of Eastland, $985.08; to M. F. Babb, $905, and that certain others, naming them, had caused writs of garnishments to be served upon it, and others had filed orders with plaintiff from said Britton on plaintiff for sums alleged to be due them for work done in performance of said contract, naming the parties and the amounts.

"That the aggregate of the various defendants is largely in excess of the sum of $1,890.08, found to be due by plaintiff to said Britton by the judgment of the district court of Parker county, Tex.; that said indebtedness is claimed in whole or in part by each of said defendants; that the claims of said defendants are all to said sum of $1,890.08, and that they are all either for work alleged to have been done or materials and supplies alleged to have been furnished for said Britton in connection with said contract, and that they all grow out of or are connected with said contract and the amount found to be due by plaintiff thereunder by the judgment of the district court of Parker county, Tex., aforesaid; that plaintiff is indifferent as to which of said defendants recover said fund; and that plaintiff has not colluded with any of said defendants in bringing this suit or any matters connected herewith.

"That this plaintiff is indebted to said Britton and to his codefendants in said sum of $1,890.-08, but no more, and that it cannot tell or to which ones of said defendants said sum is properly payable; that unless the rights and amounts of the various claimants to said funds be determined herein there will be and is a very grave danger that it will be forced to pay said indebtedness, or parts thereof, more than once; and that the claims of said defendants constitute a cloud on the title of plaintiff to its properties aforesaid, which is under the circumstances, entitled to have removed by paying said indebtedness once and only once.

"That plaintiff herewith offers to pay into the registry of this court the aforesaid sums of $1,-890.08 together with interest thereon at the rate of 6 per cent. per annum from the date of said judgment."

Wherefore plaintiff prays that all the named defendants be cited to appear and answer, * * * and that upon hearing the rights of the several parties to participate in the distribution of the fund be determined, etc.

This petition was filed February 7, 1923, in the district court of Tarrant county, Tex. The next proceeding was an answer filed in the district court of Eastland county, March

12, 1923, by three of the named parties, First State Bank of Eastland and J. C. and M. F. Babb, consisting of general and special exceptions, general denial, and specially:

"Plaintiff is not entitled to have these defendants interplead with their codefendants, for the amount of the judgment, because after plaintiff had knowledge of each and all of the claims Britton filed a suit in district court, Parker county, against plaintiff seeking judgment for the amount claimed to be due under the terms of the contract and for damages for breach, and that defendants for answer therein set up the claims of said codefendants in said suit; that plaintiff failed to make them parties to said suit but permitted it to go to judgment and the judgment to become final in favor of said Britton and the latter assigned said judgment to these defendants; plaintiff thereby incurred an independent liability to these defendants. Wherefore they pray that this court enter its order refusing to require them to interplead herein and discuss the cause," etc.

We note that the bill was filed February 7, 1923, and the term of court at which the hearing was had and judgment was entered began on the 5th day of February. The transcript does not show any citations or service of any kind and no answers from any of the parties except those mentioned above, so evidently the court was not ready for final hearing, but the order entered as is apparent from its contents simply sustains the motion to dismiss, and the motion contains no sufficient grounds for dismissal unless the bill was subject to general demurrer.

In the case of Williams v. Wright, 20 Tex. 502, Chief Justice Wheeler fixed the rules applicable to this class of action as follows:

"In the practice of courts of chancery, a bill of interpleader lies where two or more persons claim the same debt or duty of the complainant by separate interests; when he, not knowing to which of the complainants he ought, of right, to pay or render it, fears that he may sustain injury by the conflicting claims of the parties. He then applies to a court of equity to protect him, not only from rendering the debt or duty to both the claimants, but also from the vexation attending upon the suits, which are, or may be instituted against him. Story's Eq. § 806; 1 Cowen, 703. 'It claims no right in opposition to those claimed by the persons against whom the bill is exhibited, but only prays that the decree of the court, to decide between the rights of those persons for the safety of the complainant.' Id.; Cooper's Eq. Pl. 456. 'If a debt or other claim has been assigned, and a controversy arises between the assignor and assignee respecting the title, a bill of' interpleader may be brought by the debtor, to have the point settled, to whom he shall pay.' Story, Eq. § 808, and cases cited. And see Marion v. Elwood, 11 Paige, 365; 2 Id. 209; 8 Id. 339. From these authorities it would seem that the case exhibited by the defendant's answer was a proper case for the awarding of equitable relief."

Appellant's propositions in effect assert that its bill is sufficient to meet the requirements, and we think they must be sustained. Melton et al. v. Am. Surety Co. (Tex. Civ. App.) 240 S. W. 574.

Appellee presents several counter propositions which if pertinent are not sound. The appellant is entitled to have time to give the notice provided by statute to the named parties to come in and assert their claims.

Reversed and remanded.

## On Rehearing.

HIGGINS, J. Appellant brought this suit —a bill of interpleader—against A. G. Britton, the First State Bank of Eastland, J. C. Babb, and wife, M. F. Babb, and others, in substance setting up: That in the summer of 1919 it entered into a contract with Britton whereby Britton was to haul and string certain pipe and Britton performed a part of his contract. That he became indebted to various persons in the performance of his contract, some of whom have sued the plaintiff on their claims, others have garnished it, and to the others Britton had drawn orders on plaintiff payable out of the funds in its hands belonging to him upon said contract. That in the spring of 1920 Britton brought suit in Parker county against plaintiff for an alleged indebtedness due on such contract and for damages and in the fall of 1920 recovered in said suit a judgment against plaintiff for $1,890.08 of which amount he had assigned $985.08 to the First State Bank of Eastland and $905 to M. F. Babb. That the judgment had been abstracted and clouded the title to plaintiff's lands. That the persons who have so garnished and sued plaintiff and filed claims are as follows: M. V. Jones garnished plaintiff for $686 by writ served February 2, 1920; Chas. Terry garnished plaintiff for $53 by writ served March 29, 1920, and sued plaintiff for said sum in a separate suit and served citation prior to December 29, 1919. That prior to November 30, 1920, the following persons filed with plaintiff orders from Britton on plaintiff for moneys alleged to be due for work done or supplies furnished in connection with said contract as follows: J. A. Mitcham, $20; C. Terry, $53; J. L. Royal, $160.60; G. C. Sturdevant, $42; C. W. Clayton, $193.50; Strain & Bellenger, $283.55. That plaintiff was indebted to Britton in said sum of $1,890.08 and no more, wherefore it offered to pay said sum into court and asked that the rights of the said parties be adjudicated and it discharged from all liability to all of the defendants.

The bank and the Babbs filed answers. The judgment recites that none of the other defendants answered. There is nothing in the record to show that such other defendants were served with citation. The case was tried without a jury and judgment rendered that the plaintiff "take nothing" and "that the several defendants be not required to interplead for the said sum of $1,890.08 or any part thereof, but that each and all of said defendants go hence without day and recover their costs."

The fact that the defendants, other than the bank and the Babbs, had not answered and no service upon them shown by the record, is immaterial. The judgment is in their favor, and they are not complaining.

The bank and the Babbs had separate and distinct rights to resist the bill of interpleader. They are the assignees of the judgment which Britton obtained against appellant and if upon the trial they showed that appellant had no right to compel an interpleader then the judgment should be affirmed. We are not advised of the theory upon which the trial court based its judgment; findings and conclusions not being filed.

It is the general rule that a bill of interpleader comes too late when application therefor is delayed until after judgment has been rendered in favor of one of the claimants of the fund, and this is especially true where the holder of the fund had notice of the conflicting claims prior to the rendition of such judgment and an opportunity to implead the adverse claimants in the suit in which such judgment was rendered. See notes and cases cited 35 Am. Dec. 703, 91 Am. St. Rep. 598; also 5 Pomeroy's Eq. Juris. § 41.

The evidence in the opinion of the majority shows beyond dispute that the appellant permitted the Parker county suit to proceed to judgment in favor of Britton with full notice of the adverse claims of the defendants in the present suit other than the assignees of that judgment (the bank and Mrs. Babb) and no excuse is shown why he did not implead them in that suit.

For the reasons stated, the majority are of the opinion that the motion for rehearing should be granted and the judgment affirmed; and it is so ordered.

HARPER, C. J. (dissenting). The rule quoted, "a bill of interpleader comes too late when application therefor is delayed until after judgment has been rendered in favor of one of the claimants of the fund," would apply to this case if there was any evidence that any such judgment had been rendered, but there is not a word of evidence to support this finding. Mere notice of these claims against the fund prior to the judgment in favor of Britton against appellant, as seems to be the majority holding, is not sufficient.

Again the majority opinion holds:

"The fact that the defendants, other than the bank and Babbs had not answered and no service upon them shown by the record, is immaterial. The judgment is in their favor and they are not complaining."

I fail to see how a judgment can be in favor of a party, and they be held not to complain of it, when there is nothing in the record to show that they had any notice of the proceeding to obtain such judgment.

The opinion handed down does not hold that the judgment rendered was not final, but that the case was not ready for final hearing, because the record does not show that the parties named in the bill of interpleader had been cited or had notice thereof. Of course, if there had been no final judgment we could only dismiss the appeal for that reason.

Counsel by motion for rehearing and the answer thereto agree that this case was filed and tried in the district court of Tarrant county, Tex., and an appeal taken, remanded, and the case was transferred to Eastland county on question of venue alone. There is nothing in the transcript or statement of facts to show that such things occurred. The original bill of interpleader is addressed to the district court of Tarrant county, but it does not show that it was ever filed there; but as recited in the original opinion the marginal note recites that it was filed February 7, 1923, and for all this record discloses was then filed in the district court of Eastland county, Tex., and was heard at the February term of said court, 1923.

Therefore the record failing to show that the parties defendant other than appellees had notice of the proceeding the court could not hold otherwise than that the cause was not ready for "final hearing." The fact is, if the counsel who wrote this motion for rehearing, will take a few moments to read the skeleton transcript and the opinion as handed down, he will see that we have tracked the record.

Plaintiff having made a prima facie case so, the court upon the showing should have required the parties named defendants to interplead, had they been cited or answered; so the case should be reversed and remanded for further inquiry, first, upon the question of whether the parties named are interested in the fund, so as to require them to interplead, and, second, as to the merits.

For these reasons, enter my dissent.