## PRESTON v. MARTIN.
### No. 2538.

Court of Civil Appeals of Texas. Beaumont.
March 24, 1934.

Rehearing Denied March 28, 1934.

Orgain, Carroll & Bell and Renfro & Keen, all of Beaumont, for appellant.

J. K. Brackin, of Port Arthur, and W. R. Blain and D. E. O'Fiel, both of Beaumont, for appellee.

O'QUINN, Justice.

This is an appeal from a judgment of the Fifty-Eighth district court of Jefferson coun-

ty, adjudging that certain funds there in question were subject to garnishment, and awarding judgment in favor of the garnisher, Mrs. Martin.

It appears that on August 23, 1932, appellee, Mrs. W. A. Martin, recovered judgment in said district court of Jefferson county, Tex., against appellant, John Preston, in the sum of $1,794.81, which because of certain credits was reduced to the sum of $885.-79, and that on December 20, 1932, Mrs. Martin sued out a writ of garnishment against the Connecticut General Life Insurance Company (hereinafter referred to as insurance company), alleging that said garnishee was indebted to appellant John Preston.

The insurance company, on January 23, 1933, filed its motion to quash the writ of garnishment, and, subject to its motion to quash, filed its answer. The answer stated that John Preston was formerly an employee of the Gulf Refining Company at Port Arthur, Tex., and that said insurance company had issued to the Gulf Oil Corporation and its subsidiaries certain policies of insurance, under which the employees of the Gulf Oil Corporation and its subsidiary companies, of which the Gulf Refining Company was one, might secure insurance from said insurance company covering either the death of such employee, or his total and permanent disability; that the benefits under each of said policies were payable in a lump sum, and to John Preston himself in case of total and permanent disability, or to his wife, Mary Preston, in case of his death; that thereafter John Preston, while said insurance certificates were in effect, brought suit, through his attorney, Tom C. Stephenson, seeking to collect on said certificates of insurance, alleging his total and permanent disability; that said suit was filed February 17, 1932, in the Fifty-Eighth district court of Jefferson county, styled John Preston v. Connecticut General Life Insurance Company, and numbered on the docket 38444. That said attorney, Tom C. Stephenson, was claiming some interest under a power of attorney or assignment of interest in the claim and an interest in such judgment as should be rendered for John Preston in the fund in question; that another attorney, David E. O'Fiel, also appeared in the prosecution of the suit, and garnishee understood he was claiming some interest in the fund in litigation, through and under an assignment from Tom C. Stephenson. That said claim of Preston was disputed by the said Connecticut General Life Insurance Company, which made various defenses against said claim, includ-

ing one that said claim was barred by limitation, if it ever accrued; that thereafter, by agreement between Tom C. Stephenson and David E. O'Fiel, attorneys for John Preston, and the attorneys for the insurance company, a judgment was entered in said suit on May 12, 1932, in favor of John Preston for the sum of $1,250.

Garnishee prayed that said attorneys, Tom C. Stephenson and David E. O'Fiel, be made parties to the garnishment suit, which was done, and thereafter the Security Realty & Development Company intervened claiming that it held by assignment from said Tom C. Stephenson and David E. O'Fiel their interest in said judgment, alleged to be one-half, or $625. Stephenson and O'Fiel disclaimed any interest in said judgment.

John Preston filed his original answer in which he alleged that his claim against the insurance company was not a liquidated demand such as could be garnished in the hands of the insurance company, because he had employed Tom C. Stephenson to bring suit against said insurance company for $4,500, the amount said company was due him, and that said attorney, Stephenson, had without authority, and without the knowledge or consent of him, Preston, agreed to and had entered a judgment for only $1,250. Later, March 27, 1933, by and through a different attorney, he filed another answer in which he joined with the insurance company's motion to quash the writ of garnishment. He also pleaded article 5068a, R. S. 1925, as added by Acts 1927, c. 234 (Vernon's Ann. Civ. St. art. 5068a), as exempting the funds derived through insurance policies issued to the Gulf Oil Corporation by the Connecticut General Life Insurance Company from garnishment, and that under the provisions of both of the policies in question he was covered and protected, and the funds so derived were exempt from garnishment.

He also in this answer plead that Tom C. Stephenson and David E. O'Fiel, alleged to have been his attorneys, together with the attorney for the insurance company, through some sort of agreement entered judgment on May 12, 1932, in his favor of $1,250, and that this was done without his knowledge or consent, and prayed that said judgment be set aside.

The court overruled the motion to quash the writ of garnishment, and found that the judgment of May 12, 1933, in favor of John Preston for $1,250 was a valid judgment, and that Preston had assigned one-half of same to his attorneys, Stephenson and O'Fiel, and

.. 

474

that said attorneys had assigned said half to the intervener, the Security Realty & Development Company, and that the insurance company, garnishee, was indebted to John Preston, as shown by the judgment, in the sum of $625, and that he, Preston, was indebted to Mrs. Martin, garnisher, appellee herein, in an amount in excess of that sum.

Judgment was rendered in favor of the intervener, Security Realty & Development Company, against the Connecticut General Life Insurance Company for $625, and in favor of Mrs. Martin for $625, with interest from date, and decreed that the payment of said sums should be in full satisfaction of any recovery from said insurance company by either Preston or the said Security Realty & Development Company, by virtue of said judgment of May 12, 1932. The judgment further awarded to Major Bell, as attorney for garnishee insurance company, the sum of $100 as attorney's fee, same to be paid out of the sum awarded to the garnisher Mrs. Martin.

 Only one assignment of error is presented, and that is that the court erred, to the prejudice of appellant, John Preston, in failing to sustain his plea that the fund in question was not subject to garnishment under article 5068a, R. S. 1925, as added by Acts 1927, c. 234 (Vernon's Ann. Civ. St. art. 5068a).

Article 5068a reads: "No money or benefits of any kind to be paid or rendered on a weekly, monthly or other periodic or installment basis to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer, shall be liable to execution, attachment, garnishment or other process or be seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered, except for premiums payable on such policy or a debt of the insured secured by a pledge thereof."

There were two kinds of insurance policies issued by the insurance company protecting Preston. One payable to the beneficiary or beneficiaries named in the policy, upon the death of the insured, same payable $100 at the time of death, and the balance in twelve equal monthly payments. The other was payable in the event of the death of the insured to the beneficiary named in the policy, or, in the event of total and permanent disability occurring before the age of sixty, to the insured himself, in a lump sum.

As before stated, appellant contends that the money payable under said policies was not subject to garnishment. This contention is not sound. It will be observed that the law invoked exempts from seizure process insurance money that is to be paid in periodic installments. It has no application to the funds here in controversy. The insurance in the first-mentioned policy was payable to the beneficiaries of the insured in monthly payments after the death of the insured. He not being dead, they are not here under consideration. The money sought to be garnished is money paid under the second policy mentioned. That policy provided that the insurance was payable to the insured upon certain disability conditions. But it was not to be paid in periodic payments, but in a lump sum, so that it does not come within the provisions of the article invoked. Union Savings Building & Loan Ass'n v. Smith (Tex. Civ. App.) 62 S.W.(2d) 175 (writ refused).

The judgment is affirmed.