**MARTIN et al. v. PRESTON et al.**

No. 2706.

Court of Civil Appeals of Texas.
Beaumont.

June 30, 1934.

D. E. O'Fiel and W. R. Blain, both of Beaumont, for relators.

Orgain, Carroll & Bell, Leroy McCall, and Renfro & Keen, all of Beaumont, for respondents.

WALKER, Chief Justice.

John Preston v. Connecticut General Life Insurance Company, cause No. 38444 on the docket of the Fifty-Eighth district court of Jefferson county, Tex., was an action by Preston against the defendant upon certain certificates of insurance issued by the defendant in his favor. The defendant answered by general demurrer, general denial, plea of limitation, etc. On May 12, 1932, an agreed judgment was entered in that case in favor of Preston against the defendant for $1,250. On the 23d day of August, 1932, relator Mrs. W. A. Martin recovered judgment in the district court of Jefferson county against John Preston for the sum of $885.75, and on the 20th day of December, 1932, sued out garnishment proceedings against Connecticut General Life Insurance Company on allegations that it was indebted to John Preston. On the 27th day of February, 1933, Connecticut General Life Insurance Company filed its motion to quash the garnishment proceedings and by proper plea made John Preston and his attorneys, Tom C. Stevenson and David E. O'Fiel, parties to the garnishment proceeding, with prayer that they be required to assert and protect their interest; afterwards Security Realty & Development Company intervened, claiming a one-half interest in the $1,250 judgment under assignment from Tom C. Stevenson and David E. O'Fiel. By proper plea Stevenson and O'Fiel admitted the allegations of the plea of intervention. Preston, by different attorney, answered to the effect that judgment was entered in cause No. 38444 in his favor for the $1,250 through fraud of his former attorneys, that he had not agreed thereto, and prayed that it be set

aside and that he be granted a new trial and that he have judgment against Connecticut General Life Insurance Company for the amount of his original demand, for general and special relief, etc. On the 26th day of April, 1933, the garnishment case was called for trial. All the parties above named appeared and announced ready for trial; Preston appearing by his new attorneys. The motion to quash was overruled, and upon trial on the merits judgment was entered establishing the validity of the judgment in cause No. 38444 in favor of John Preston against Connecticut General Life Insurance Company for the sum of $1,250, a one-half interest in that judgment was decreed to Security Realty & Development Company, with execution in its favor against Connecticut General Life Insurance Company, and one-half, to wit, $625, was decreed to John Preston, and that he was indebted to Mrs. Martin in a sum in excess of the $625, and that under her garnishment she have judgment against Connecticut General Life Insurance Company, as garnishee, for the sum of $625. Preston duly prosecuted his appeal from that judgment to this court where, on the 18th day of March of this year, after due submission, the judgment of the lower court was in all things affirmed. Preston v. Martin (Tex. Civ. App.) 69 S.W.(2d) 472.

This action was filed in our court by Mrs. W. A. Martin and Security Realty & Development Company, as relators, in the nature of an original proceeding against John Preston and his new attorneys, alleging generally the facts stated above, and further that, notwithstanding the proceedings already had, Preston had "filed a new and independent suit" attacking the validity of the judgment by agreement in his favor against Connecticut General Life Insurance Company in cause No. 38444 and the judgment in the garnishment proceedings, wherein Mrs. Martin recovered judgment against Connecticut General Life Insurance Company. This new proceeding raises no new issue of equitable relief that has not already been litigated to final judgment. The prayer of relators is that we grant a writ of prohibition prohibiting John Preston and his attorneys from further prosecuting the new suit "or from taking any further steps therein, except to have the same abandoned or dismissed."

Relators are entitled to the relief prayed for. The prosecution of the "new suit" would interfere with the enforcement of the jurisdiction of this court as it relates to the judg-

ment of this court affirming Preston v. Martin, supra. If respondents were granted the relief prayed for by them in the new suit and the judgment in cause No. 38444 was set aside, it would necessarily follow that our judgment affirming the garnishment proceedings would also be set aside. The recent opinion of the Commission of Appeals in Houston Oil Co. of Texas et al., Relators, v. Village Mills Company, et al., Respondents, 71 S.W.(2d) 1087. not yet reported [in State report], and the authorities cited therein, fully sustain this conclusion. See, also, opinion of Court of Civil Appeals in Halbrook v. Quinn, 286 S. W. 954.

It is therefore our order that respondent John Preston and his attorneys be enjoined from further prosecuting the new suit filed by them to set aside the judgment in Preston's favor for $1,250 against Connecticut General Life Insurance Company in cause No. 38444 on the docket of the Fifty-Eighth district court of Jefferson county, and they are also further enjoined from taking any action whatever in the lower court that would interfere with Mrs. Martin in her efforts to collect her judgment against Connecticut General Life Insurance Company in the garnishment proceeding as described above.