## NASH et al. v. McCALLUM, Judge, et al.
### No. 3161.

Court of Civil Appeals of Texas. El Paso.
Oct. 4, 1934.

Rehearing Denied Oct. 18, 1934.

J. Lee Zumwalt and Sullivan & Wilson, all of Dallas, for petitioners.

E. G. Senter, of Dallas, and L. C. Penry, of Fort Worth, for respondents.

HIGGINS, Justice.

This is an original proceeding in this court brought by Hattie Nash and husband against the Honorable Claude M. McCallum, judge of the 101st district court of Dallas county, the Hanover Fire Insurance Company, and J. E. South.

The relators heretofore sued the said Insurance Company in the district court of Dallas county to recover the amount due upon a fire insurance policy covering a house. South attempted to intervene in that suit and was denied the right so to do. On November 9, 1932, relators obtained a judgment for the amount due upon the policy. The Insurance Company sued out a writ of error and said judgment was by this court affirmed with a slight correction as to the interest allowed. Hanover Fire Ins. Co. v. Nash (Tex. Civ. App.) 67 S.W.(2d) 452.

The Insurance Company applied for a writ of error which was refused by the Supreme Court. South did not appeal from the judgment rendered by the trial court in that case.

Later the mandate of this court was issued.

Thereafter the Insurance Company instituted a suit in the 101st district court, numbered 8838, against the relators and South.

In such suit the Insurance Company set up the recovery against it by relators of the judgment aforesaid and that since the rendition thereof South had notified it that he claimed the proceeds of such judgment as the owner of the property covered by the policy upon which the judgment was based.

The company tendered into court the amount due upon the judgment and sought to compel relators and South to interplead and that it be determined to whom the proceeds of the judgment be paid and it discharged from further liability.

On July 7, 1934, a corrected mandate was issued by this court in the case first mentioned and such mandate was filed in the court below. Thereupon execution was again issued out of the lower court for the enforcement of the said judgment against the Insurance Company.

The Insurance Company filed in said cause No. 8838 a motion, which in substance set up that South was prosecuting a suit against Mrs. Nash and husband in which he was asserting ownership of the amount due upon the said judgment in favor of the relators; that it was a stakeholder of the fund; that execution had been issued upon such judgment; and that it had previously paid into the registry of the court in said cause No. 8838 the amount of such judgment. It prayed for an order directing the sheriff to return the execution and that the clerk be ordered not to issue another execution.

The respondent Judge McCallum entered this order:

"(1) That the clerk of this court will recall execution heretofore issued by him in favor of J. A. Nash and wife, Hattie Nash, against the Hanover Fire Insurance Company, described in plaintiff's motion filed herein, and that the costs of said proceeding shall be taxed against said defendants;

"(2) That said Hanover Fire Insurance Company is hereby ordered and required to pay into the Registry of the Court the amount of the judgment rendered against it in favor of J. A. Nash and Hattie Nash, described in its petition herein with lawful interest to the date of said payment;

"(3) That upon compliance with this order to make payment of said amount into the Registry of the court, said Hanover Fire Insurance Company shall be fully discharged from all liability under the said judgment described in its bill of interpleader filed herein."

Whereupon the relators instituted this proceeding in this court.

The foregoing statement sufficiently reflects the material facts shown by the bill and the answers of respondents.

## Opinion.

Respondents defend upon the theory that cause No. 8838 is a bill of interpleader, jurisdiction of which has been rightfully assumed by the 101st district court, and upon the facts shown the order of said court was proper for the protection of the Insurance Company against the adverse claims of relators and South to the amount due upon the judgment obtained by relators against the Hanover Fire Insurance Company.

In United P. P. L. Co. v. Britton (Tex. Civ. App.) 264 S. W. 576, 578, it was said: "It is the general rule that a bill of interpleader comes too late when application therefor is delayed until after judgment has been rendered in favor of one of the claimants of the fund, and this is especially true where the holder of the fund had notice of the conflicting claims prior to the rendition of such judgment and an opportunity to implead the adverse claimants in the suit in which such judgment was rendered. See notes and cases cited 35 Am. Dec. 703, 91 Am. St. Rep. 598; also 5 Pomeroy's Eq. Juris. § 41."

The principle thus stated has been recognized in many cases in other jurisdictions, among which may be cited American Surety Company v. Brim, 175 La. 959, 144 So. 727; Gonia v. O'Brion, 223 Mass. 177, 111 N. E. 787; Phillips v. Taylor, 148 Md. 157, 129 A. 18; Moore v. Hill, 59 Ga. 761; Yarborough v. Thompson, 3 Smedes & M. (11 Miss.) 291, 41 Am. Dec. 626. See, also, 33 C. J. p. 447, § 30.

The record here discloses that long before the rendition of the judgment in favor of relators against the Hanover Fire Insurance Company the latter had notice of the adverse claim of South to the proceeds of the policy. No reason is shown why the Insurance Company did not implead South in the former suit and have the conflicting claims there determined. The Insurance Company elected not to do so and that suit proceeded to a final judgment in favor of relator. The company thereby became independently liable to relators. It was then too late for such company to invoke the remedy of interpleader.

In this connection respondents cite Van Slyck v. Dallas B. & T. Co. (Tex. Civ. App.) 45 S.W.(2d) 641.

This case is distinguishable, in that the adverse claimants there were asserting rights under distinct titles from the judgment creditor, which rights were neither adjudicated nor involved in the suit in which the judgment was obtained. Obviously a different state of facts from that is here presented.

1048

The affirmance by this court of the judgment obtained by relators against the Hanover Fire Insurance Company operated to make that judgment the judgment of this court. The order entered by Judge McCallum, in effect, sets aside the judgment of this court by preventing its enforcement. It is an interference with the jurisdiction of this court. This court has the right to issue such writs as may be necessary to enforce its jurisdiction. Article 1823. And upon the facts here shown the authorities plainly support the view that this court may and should protect its jurisdiction and enforce its judgment heretofore rendered. Houston O. Co. v. Village M. Co. (Tex. Sup.) 71 S.W.(2d) 1087; Conley v. Anderson (Tex. Sup.) 164 S. W. 985; Hovey v. Shepherd, 105 Tex. 237, 147 S. W. 224; City of Palestine v. City of Houston (Tex. Civ. App.) 262 S. W. 215; Martin v. Preston (Tex. Civ. App.) 73 S.W.(2d) 679; Halbrook v. Quinn (Tex. Civ. App.) 286 S. W. 954.

It appears there is litigation between the respondent South and the relators over the proceeds of the insurance policy and judgment heretofore rendered. South was not a party to the former suit in which such judgment was rendered, and the ruling of the lower court denying him the right to intervene in that suit does not bar him from asserting against relators any right he may have against them to recover the proceeds of the insurance policy or the judgment based thereon. Whether South has any such right we express no opinion.

The Honorable Claude M. McCallum, judge of the 101st district court, is ordered to set aside the order quoted above and other orders described in the petition, made by him interfering with the enforcement and collection of the judgment heretofore obtained by relators against the Hanover Fire Insurance Company.

Judge McCallum and the Hanover Fire Insurance Company are also prohibited and enjoined from any further action which will interfere with the enforcement and collection of such judgment. The writ of injunction and prohibition so enjoining and commanding the Honorable Claude M. McCallum and the Hanover Fire Insurance Company is ordered issued.

#### On Rehearing.

Though not required so to do, Sterling v. Ferguson, 122 Tex. 122, 53 S.W.(2d) 753, we have entertained and considered motions for rehearing filed by the respondents Hanover Fire Insurance Company and the Honorable Claude M. McCallum.

The motions are regarded as without merit and are overruled. The judgment of this court is final. Writ of error to Supreme Court will not lie in this case. City of Houston v. City of Palestine, 114 Tex. 306, 267 S. W. 663.

The judgment of this court heretofore rendered will be now obeyed by the respondents Honorable Claude M. McCallum and the Hanover Fire Insurance Company.