**NASH et ux. v. HANOVER FIRE INS. CO. et al.**

**No. 12200.**

Court of Civil Appeals of Texas. Dallas.

March 21, 1936.

Rehearing Denied April 18, 1936.

Sullivan & Wilson and J. Lee Zumwalt, all of Dallas, for appellants.

E. G. Senter and Sarah Cory Menezes, both of Dallas, for appellees.

JONES, Chief Justice.

This suit was instituted by appellants, J. A. Nash and wife, Hattie Nash, in a district court of Dallas county, against appellees, the Hanover Fire Insurance Company and the St. Paul Mercury Indemnity Company, praying for a receivership, for the purpose of subjecting their properties to the payment of a judgment in favor of appellants, in the principal sum of $1,250, together with interest. This judgment was rendered in the district court for the Fourteenth judicial district of Dallas county, appealed to this court, transferred to the El Paso Court of Civil Appeals, and there corrected and affirmed. Final judgment was rendered January 4, 1934. The policy of insurance, made the basis of the judgment, was issued by the insurance company, and the other appellee, St. Paul Mercury Indemnity Company, was surety on the supersedeas bond, and judgment was rendered against the latter company as such surety. At the time of the trial of the instant case to the court, the insurance company paid into the court the amount of the existing judgment, and the judgment stipulated, in conformity to appellee's tender, that "such sum shall be paid out only upon the order of this court, as in receivership proceedings." Appellants have duly perfect-

ed an appeal to this court, and the following are the necessary facts:

Appellees are foreign corporations, lawfully doing business in this state. The allegations in appellants' petition are sufficient to warrant the relief prayed for, which was to subject the property of appellees to the payment of their judgment through a receivership. It was alleged and shown that a number of executions had been issued against appellees on this judgment and each returned unexecuted.

After the original judgment became final, appellee the insurance company instituted suit in a district court of Dallas county against appellants and one South, in which the insurance company set up recovery against it by appellants of the judgment aforesaid, and that since the rendition thereof, South had notified it that he claimed the proceeds of such judgment as the owner of the property covered by the policy upon which the judgment was based. The insurance company tendered into court the amount due upon the judgment, and sought to compel appellants and South to interplead, so that it might be determined to whom the proceeds of the judgment should be paid, and that it be discharged from further liability. In this suit the judge entered an order, "That the clerk of this court shall recall executions heretofore issued by him in favor of J. A. Nash and wife, Hattie Nash, against the Hanover Fire Insurance Company, described in plaintiff's motion filed herein, and that the costs of said proceedings shall be taxed against said defendants"; and further, that, "said Hanover Fire Insurance Company is hereby ordered and required to pay into the Registry of the court the amount of the judgment rendered against it * * *"; and, further, "upon compliance with this order to make payment of said amount into the registry of the court, said Hanover Fire Insurance Company shall be fully discharged from all liability under the said judgment described in its bill of interpleader filed herein." The insurance company paid the amount of the judgment into court.

Appellants filed in the El Paso Court of Civil Appeals an original action praying for writs of prohibition and injunction against the judge of the court in which the interpleader suit was filed, and against the insurance company and South, with the result that said Court of Civil Appeals issued a writ of prohibition against the district judge, directing said judge to set aside the orders theretofore made, because such suit and such orders were an interference with the enforcement of the judgment of that court, and prohibited and enjoined said judge and the Hanover Fire Insurance Company from any further action which will interfere with the enforcement and collection of said judgment. The sum paid into court was returned to the insurance company.

Thereafter appellee the insurance company filed another suit in the district court of Dallas county in which the original judgment was entered, for a bill of review, for the purpose of reviewing and setting aside the original judgment, and seeking to enjoin the enforcement of the judgment against the appellees. Appellants thereupon again filed original proceedings in the El Paso Court of Civil Appeals, asking for relief both by writ of prohibition and by injunction, from interference with the enforcement of the judgment. This relief was granted and the El Paso Court of Civil Appeals ordered that "writ of injunction issue against the Hanover Fire Insurance Company and its general agents, Floyd West and F. H. Duff, composing the firm of Floyd West & Company, enjoining the further prosecution of said suit filed by said Insurance Company, in the Fourteenth district court of Dallas county * * *," as an interference with the enforcement of its judgment. The opinion on the appeal from the original judgment is reported in (Tex.Civ.App.) 67 S. W.(2d) 452, styled Hanover Fire Insurance Company v. Nash et al.; the opinion on the first original proceedings, to obtain writs of prohibition and injunction from the Court of Civil Appeals at El Paso, is styled Nash et al. v. McCallum, Judge, et al., and is reported in 74 S.W. (2d) 1046; the opinion on the second original proceedings filed in the El Paso Court of Civil Appeals is syled Nash et al. v. Hanover Fire Insurance Co. et al., and is reported in 79 S.W.(2d) 182.

It is not deemed necessary to state the other numerous unsuccessful efforts of appellants to collect their judgment prior to the institution of this suit. In the instant case, appellee insurance company apparently paid the money into court, for the purpose of defeating appellants' claim for a receivership clothed with the power to subject the property of appellees to pay-

ment of the original judgment, and also to secure an order that the money be paid out only as in receivership proceedings, for the apparent purpose, when appellants presented their judgment for payment, to reassert the contentions it had attempted to make in the two suits that were made the subject of writs of prohibition and injunction by the El Paso Court of Civil Appeals. There must be an end to litigation, and the three decisions rendered in this case, above cited, show conclusively that there is nothing left to the insurance company save the immediate payment of the judgment.

The amount of this judgment is paid into the trial court and is subject to the orders of such court. We therefore direct the trial court to order the clerk of that court to pay this money to appellants, to be credited on their judgment against appellees. The judgment of the lower court is reformed, to the extent above mentioned, and the judgment as reformed is ordered certified to the trial court for observance.

Reformed and certified, with instructions.