**FARMERS STATE BANK OF MERIDIAN v. NATIONAL FIRE INS. CO. OF HARTFORD, CONN., et al.**

No. 2535.

Court of Civil Appeals of Texas, Tenth District.

March 4, 1943.

Rehearing Denied March 25, 1943.

Fitzpatrick & Dunnam and Scott & Wilson, all of Waco, for relator.

Bryan & Bryan, of Houston, and Joseph A. Chandler, of Stephenville, for respondents.

RICE, Chief Justice.

Ben K. Green, the named assured in a wool policy issued by the National Fire Insurance Company of Hartford, Connecticut, on October 17, 1940, brought suit in one of the district courts of McLennan County, Texas, against the Insurance Company, seeking recovery, under the terms of his policy, for the value of wool allegedly destroyed by fire. On June 6, 1941, Farmers State Bank of Meridian, Texas, intervened in the case, alleging that Green, by instrument in writing dated October 10, 1940, had assigned to it the entire amount owing him by the Insurance Company under the terms of the policy of fire insurance, and prayed that judgment be rendered in its favor against the Insurance Company for the sum of $2,100 with interest from October 10, 1940, at six per cent per annum. The Insurance Company answered, denying any liability under the terms of the policy.

On September 13, 1940, the Insurance Company was served with a writ of garnishment issued out of the District Court of Erath County, Texas, in cause No. 7468,

styled Dublin National Bank v. Ben K. Green, defendant, and the National Fire Insurance Company, garnishee. The garnishment proceedings were ancillary to an action for debt brought by the Dublin Bank against Green in the District Court of Erath County.

On September 23, 1940, the Insurance Company filed its answer in said garnishment proceedings, admitting the execution and delivery by it to Green of a policy of wool insurance; that the latter was contending that the Insurance Company was liable to him under the terms of the policy because of the alleged destruction by fire of the wool covered thereby; and denied that it was liable in any amount under or because of said contract of fire insurance.

Thereafter, the suit brought by Green in the District Court of McLennan County against the Insurance Company proceeded to trial, and on June 27, 1941, judgment was rendered therein in favor of the intervener, Farmers State Bank of Meridian, that it recover of the Insurance Company the sum of $2,172.90, with legal interest from date of judgment, and that Ben K. Green recover of said Company the sum of $30.04.

The Insurance Company perfected its appeal to this court, wherein the judgment of the District Court of McLennan County was affirmed and judgment here rendered in favor of intervener and against the Insurance Company, as principal, and the Fidelity & Deposit Company of Maryland, as surety on its supersedeas bond, for the amount of said judgment and costs. The Supreme Court, on September 30, 1942, denied the Insurance Company's petition for writ of error, and the judgment appealed from became final. Mandate was issued by this court to the District Court of McLennan County.

On October 24, 1942, the Insurance Company filed in the District Court of Erath County its amended answer in garnishment and its interpleader, by which it tendered into said court the amount of money, together with interest thereon, adjudged against it by the District Court of McLennan County; alleged that it had deposited with the Clerk of the District Court of Erath County a cashier's check for the sum of $2,386.66, and requested the court to determine to which of the various claimants thereto the same belonged; impleaded the Farmers State Bank of Meridian, Texas, Dublin National Bank of Dublin, Texas, and Ben K. Green; prayed that it be allowed an attorney's fee of $250 out of the funds so deposited by it, and that it be discharged from further liability. The cashier's check above referred to was in fact deposited as alleged. In its interpleader the Insurance Company pleaded that judgment had been rendered against it in the District Court of McLennan County in favor of the Farmers State Bank of Meridian and Ben K. Green, that said judgment had become final, and that it desired to pay the amount due under said judgment to whoever was legally entitled thereto.

Thereafter and on November 6, 1942, the Farmers State Bank, having been served with process issued out of the District Court of Erath County on said interpleader, filed its plea of privilege in said cause, asserting its right to be sued in Bosque County, Texas, and subject to said plea, filed its original answer.

On November 13, 1942, the controverting affidavit of the Insurance Company to the Meridian Bank's plea of privilege was filed, and the Court set same for hearing on January 21, 1943. On November 28, 1942, the Dublin Bank's controverting affidavit to the Meridian Bank's plea of privilege was filed, and the hearing thereon was set for January 21, 1943. Likewise, on November 28, 1942, the Dublin Bank filed its answer to the Insurance Company's interpleader, asserting the priority of its claim to the deposited proceeds of the insurance policy issued to Ben K. Green and on which judgment had been rendered in favor of Farmers State Bank of Meridian, Texas.

On January 22, 1943, the hearing on the Meridian Bank's plea of privilege was reset, without prejudice, for February 8, 1943, by agreement of counsel.

On February 2, 1943, the Farmers State Bank of Meridian filed in this court its original application, setting up the substance of the facts hereinabove set forth, and praying that the Insurance Company and the Dublin Bank be enjoined and prohibited from taking any proceeding in the garnishment and interpleader suit in Erath County designed to prevent the collection and enforcement by Relator of the judgment rendered in its favor against the Insurance Company by the District Court of McLennan County, and that the Honorable Ernest Belcher, Judge of the District Court of Erath County, be commanded to dismiss said garnishment and interpleader

proceedings from the docket of his court insofar as the same affects or will interfere with the collection and enforcement of said judgment by Relator.

The Honorable Ernest Belcher, Judge of the District Court of Erath County, has answered in this proceeding, stating that he has taken no action in said garnishment and interpleader proceedings pending in his court, that he has passed and postponed the hearing on the Meridian Bank's plea of privilege to an indefinite date pending the action of this court in this cause, and praying that this court enter whatever judgment in this matter that is proper and that he be discharged with his costs.

The Insurance Company and the Dublin Bank have each, in their respective answers, challenged the jurisdiction of this court to issue any order of injunction or prohibition affecting or interfering with the jurisdiction of the District Court of Erath County in cause No. 7468, pending in said court, being the garnishment and interpleader hereinabove referred to. Said respondents contend that relator's application shows on its face that the jurisdiction of the District Court of Erath County attached to matters connected with said pending cause No. 7468 prior to the acquiring of jurisdiction of the District Court of McLennan County in the case of Ben K. Green against said Insurance Company. They further contend that relator's application shows upon its face that the Insurance Company is not undertaking in said cause pending in the District Court of Erath County to relitigate any question of fact or law involved in the trial of the suit of Ben K. Green against the Insurance Company in the District Court of McLennan County; that on the contrary such Insurance Company has tendered into the District Court of Erath County the full amount of money adjudged against it by the District Court of McLennan County.

Respondent Insurance Company admits that it knew of the garnishment proceedings pending in the District Court of Erath County before suit was filed against it by B. K. Green in the District Court of McLennan County, and that it made no effort to file an interpleader in said cause in the District Court of McLennan County making the Dublin National Bank a party. It contends that no duty rested upon it to file such interpleader in the District Court of McLennan County because it was denying that it had any liability under the insurance contract sued on to Ben K. Green or any of his assignees or debtors, and there was no occasion for it to tender any money to anyone or to file an interpleader until final judgment was rendered in the suit brought on the insurance contract; and for the further reason that the Dublin Bank having by its garnishment proceedings invoked the jurisdiction of the District Court of Erath County before suit for recovery on the fire insurance contract was filed by B. K. Green in the District Court of McLennan County, it had no legal means, by interpleader or otherwise, to force the Dublin Bank to submit its asserted claim by virtue of such garnishment to any recovery that might be had on said insurance contract to the determination of said District Court of McLennan County.

We are not in accord with the last mentioned contention of respondent. In our opinion, the filing of the garnishment proceeding in the District Court of Erath County and the answer of the Insurance Company admitting that it had issued a policy of fire insurance to Ben K. Green, but denying all liability thereunder, did not invoke the jurisdiction of that court in respect to the liability vel non of the Insurance Company to Ben K. Green on the contract of fire insurance. From the record before us, it affirmatively appears that neither the Dublin National Bank nor the Insurance Company ever invoked the jurisdiction of the District Court of Erath County for the purpose of determining the liability of the Insurance Company under the terms of its fire insurance contract to Ben K. Green, or those holding under him. On the other hand, the jurisdiction of the District Court of McLennan County was invoked to determine this question of liability when Ben K. Green filed his suit therein against the Insurance Company seeking recovery under the terms of his policy, for the value of the wool insured and alleged to have been destroyed by fire. Therefore, in our opinion, the District Court of McLennan County having first acquired jurisdiction of the controversy between Ben K. Green and the Insurance Company as to the liability, if any, of the latter on its fire insurance policy admittedly issued to Ben K. Green, could have exercised such jurisdiction, if it had been invoked by interpleader, to dispose of the whole subject matter of the litigation and to adjust all the equities between the parties asserting claims thereto.

Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063.

It is the general rule that before a person will be deemed to be in a position to ask for an order of interpleader, he must be prepared to show, among other prerequisites, that he has not become independently liable to any of the claimants. 25 Tex.Jur. p. 52, § 3; 30 Amer.Jur. p. 218, § 8.

It is also the general rule that a bill of interpleader comes too late when it is filed after judgment has been rendered in favor of one of the claimants of the fund, this being especially true when the holder of the fund had notice of the conflicting claims prior to the rendition of the judgment and had an opportunity to implead the adverse claimants in the suit in which the judgment was rendered. United Producers Pipe Line Co. v. Britton, Tex.Civ.App., 264 S.W. 576; Nash v. McCallum, Tex.Civ.App., 74 S.W.2d 1046; 30 Amer.Jur. p. 223, § 11; 25 Tex.Jur. p. 56, § 5; 108 A.L.R., note 5, p. 275.

In our opinion, the legal effect of the judgment of this court, affirming the judgment of the District Court of McLennan County, rendered in cause No. 21890, styled Ben K. Green et al. v. National Fire Insurance Company of Hartford, Connecticut, was to render said Insurance Company independently liable to Farmers State Bank of Meridian, Texas, in the sum of $2,172.90, together with interest and costs of court. Nash v. McCallum, supra; United Producers Pipe Line Co. v. Britton, supra; 108 A.L.R. note 5, p. 275; 30 Amer. Jur. p. 223, § 11.

It is therefore our conclusion that the foregoing rules of law, when applied to the admitted facts of this case, preclude the respondent Insurance Company from interpleading the Meridian Bank in the garnishment proceeding pending in the District Court of Erath County.

In so holding, we are not, we think, in conflict with the case of Van Slyck v. Dallas Bank & Trust Co., Tex.Civ.App., 45 S.W.2d 641, relied on by the respondent Insurance Company. In the cited case each of the parties interpleaded by the bank was asserting rights under assignments executed by Ashworth in the proceeds of a judgment rendered against the Bank in favor of Ashworth. The court, in its opinion, says that the rights asserted by these claimants were neither involved in nor adjudicated in the suit in which Ashworth recovered judgment against the Bank. None of the interpleaded claimants were parties to the suit brought against the Bank, but each was claiming the proceeds of the judgment through Ashworth as a common source. The Bank had not, by virtue of said judgment rendered against it, become independently liable to any of said claimants.

It is too obvious for argument that the express purpose of the interpleader filed by the Insurance Company in the garnishment proceedings pending in the District Court of Erath County is to submit to said last mentioned District Court for adjudication the right vested in the Meridian Bank by the final judgment of this court to collect the sum adjudged to it against the Insurance Company. It is true the Insurance Company argues that it is not attempting to re-litigate, in the interpleader suit, any question of fact or law involved in the McLennan County suit. This argument begs the question. If the Meridian Bank is subject to the jurisdiction of the District Court of Erath County on the issues of fact and law raised by the interpleader, then not only would the right of the Meridian Bank to enforce the collection of its judgment be interfered with for the time being and it be forced to incur additional legal expense, but it is also conceivable that a judgment might be therein rendered, releasing the Insurance Company from further liability to any of the parties to said cause and awarding the funds deposited by the Insurance Company in whole or in part to the Dublin Bank, thereby diminishing or defeating the right vested in the Meridian Bank under its final judgment to recover of the Insurance Company the sum of money adjudged to it. Such results would necessarily obstruct and interfere with the due enforcement of the judgment of this court that the Meridian Bank recover of the Insurance Company the sum adjudged, and therefore said interpleader suit, insofar as it seeks to limit the recovery of, or impair the rights vested in, the Meridian Bank by said judgment, is an invasion of this court's jurisdiction.

This court has the legal right and the corresponding duty to protect its jurisdiction and to enforce its judgment. Grand International Brotherhood, etc., v. Marshall, Tex.Civ.App., 157 S.W.2d 676, at page 680, and authorities there cited.

550

It is therefore ordered that the respondents. National Fire Insurance Company of Hartford, Connecticut, and Dublin National Bank, be, and they are each hereby, enjoined from taking any proceedings in the said garnishment and interpleader suit pending on the docket of the District Court of Erath County designed to or which may prevent or minimize the right of the relator to collect and enforce the said judgment rendered in favor of relator and against the Insurance Company by the District Court of McLennan County; and the Honorable Ernest Belcher, Judge of the District Court of Erath County, Texas, 29th Judicial District, is hereby ordered to dismiss said garnishment and interpleader suit from the docket of his court insofar as the same relates to, affects in any manner, or interferes with the right of relator to collect and enforce in full the judgment of this court aforesaid in favor of the Meridian Bank and against said Insurance Company. It follows that the writs prayed for are granted, and unless the Honorable District Court of Erath County shall conform its decision to ours, as hereinabove set out, the Clerk of this court will issue writ of prohibition as prayed for.