HOUSTON OIL COMPANY OF TEXAS ET AL. V. VILLAGE MILLS COMPANY ET AL.

No. 6183.   Decided April 18, 1934.
(71 S. W., 2d Series, 1087.)

McDonald Meachum, W. W. Moore, Andrews, Kelley, Kurth & Campbell, T. J. Arnold, Williams, Lee, Sears & Kennerly, E. J. Fountain, Jr., J. J. Lee, Geo. A. Hill, Jr., and Fred L. Williams, all of Houston, and Ben H. Powell, of Austin, for relator.

Where the Supreme Court of this State has rendered a final judgment in favor of a party in a trespass to try title suit, awarding him the right to a writ of possession, such judgment and writ are intended as permanent, and not mere temporary, relief, and by the force thereof, the unsuccessful party and his privies in estate are prevented from relitigating the same matters settled by such judgment against the successful party and his privies, and where it is attempted to do so by a suit in the District Court of this State, this court will, by appropriate writ, prevent the prosecution of such suit, where it appears that the successful party has no other adequate remedy. Farrel v. Young, 23 S. W. (2d) 468, 30 S. W. (2d) 816; Hovey v. Shepherd, 105 Texas, 237, 147 S. W., 224; Conley v. Anderson, 164 S. W., 985; State ex rel. Wolferman v. Superior Court of Spokane County, 8 Wash., 591, 36 Pac., 443; 32 Cyc., 608, 613; Terrill v. Superior Court of Santa Clara County, 6 Cal. Unrep., 398, 60 Pac. Rep., 38; State ex rel. Boye v.

M. L. Duncan, 18 La. Ann., 102, 23 Am. & Eng. Enc. of Law, page 220; Armstrong v. Poole, 5 S. E., 257; City of Palestine v. City of Houston, 114 Texas, 306, 267 S. W., 663; Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1068; Cattleman's Trust Co. v. Willis, 179 S. W., 1115; McCord v. Sprinkel, 105 Texas, 150, 145 S. W., 903; Milam County Oil Mill Co. v. Bass, 106 Texas, 260, 163 S. W., 577; Gulf, C. & S. F. Ry. Co. v. Muse, 109 Texas, 352.

The judgment of the Supreme Court of Texas in the case of Houston Oil Company of Texas v. McCarthy is a complete bar to the title now being asserted by the plaintiffs in the McLean case. Houston Oil Co. v. McCarthy, 245 S. W., 651; Hanrick v. Gurley, 93 Texas, 479, 480; Benavides v. Garcia, 283 S. W., 613.

The effect of the judgment in the case of McCarthy v. Houston Oil Company of Texas et al., was to divest out of the platintiffs therein, and vest in the defendants, all the right, title and interest of the plaintiffs, with the same effect as if they had made a transfer, and said defendants in the McCarthy case thereby acquired the right to subsequently prosecute, if they desired to do so, the suit of Clough v. Unknown Heirs of Jemima Morgan et al., or to abandon same, as the plaintiffs in that cause had become divested of their title. Taylor v. Higgins Oil & Fuel Co., 2 S. W. (2d) 296.

*James F. Parker, E. E. Easterling, Thomas J. Baten, W. D. Gordon,* all of Beaumont, and *Ocie Speer,* of Austin, for respondents.

The Supreme Court of Texas, by the law of its creation, has no jurisdictional power to enjoin the district judge and these respondents from hearing and determining this suit, asserting as it does rights which not only were not involved in the case of McCarthy v. Houston Oil Company, but which, by the terms of that proceeding, were excluded and denied adjudication in that case, because the title attempted to be asserted was not then invested as a muniment of title in the litigant parties there upon the ground that the judgment under which they claim in this case was not then a final judgment. A judgment against unknown heirs, under the statute of Texas, was not a muniment of title but only interlocutory for two years after it was entered. Raboniwitz v. Darnall, 13 S. W. (2d) 73; Ledyard v. Brown, 27 Texas, 393; Barrows v. Kindred, 4 Wall., 399, 18 L. Ed., 383; Fred v. Fred, 126 S. W., 900.

An attorney appointed to represent a defendant cited by

publication does not represent that defendant, but represents the court; is not an attorney of that defendant but is an attorney of the court appointed under the law to protect the rights of the defendant in that particular case, and his authority ceased when judgment was entered, as expressly held by the Supreme Court. Hunsinger v. Boyd, 119 Texas, 182, 26 S. W. (2d) 905; Maury v. Turner, 244 S. W., 809; Cargill v. Kountze, 86 Texas, 386; Texas & Pac. Ry. Co. v. Gay, 86 Texas, 581.

MR. JUDGE HARVEY of the Commission of Appeals delivered the opinion for the court.

There is pending in the District Court of Hardin County (75th district) a certain suit in trespass to try title, styled Marrs McLean et al. v. Houston Oil Company of Texas et al., which will hereinafter be called the McLean case or the McLean suit. The defendants in that suit, the relators here, have petitioned this court for the writ of prohibition to stop further proceeding in said suit. The respondents herein include Honorable Geo. C. O'Brien, the acting judge of said district court, and the plaintiffs and interveners in the McLean suit. In this opinion the term "respondents" will be used as referring only to said plaintiffs and interveners. The land sought to be recovered by the plaintiffs and interveners in said suit is the Eduardo Arriola league in Hardin County. The relators claim that the prosecution of said suit interferes with the enforcement of the jurisdiction of this court respecting the judgment of this court in the case of Houston Oil Company et al. v. McCarthy et al. (See 245 S. W., 651.) This last mentioned case will hereinafter be referred to as the McCarthy case or suit. The various plaintiffs and interveners in the McLean suit are, either in fact or by privity, the same as the plaintiffs in the McCarthy suit. Likewise the various defendants in the McLean case are the same as the defendants in the McCarthy suit.

The McCarthy suit was one of trespass to try title to the Eduardo Arriola league, and was brought, on January 22, 1917, in the 9th District Court of Hardin County, by Edward McCarthy, G. G. Clough and the Village Mills Company, against the Houston Oil Company and numerous others. On February 4, 1918, G. G. Clough and the Village Mills Company, in a different suit in which they claimed to hold the title to the Arriola league, recovered, in the District Court of Hardin County, a judgment against the unknown Heirs of Eduardo Arriola for said league of land. This suit will be designated in this opinion as the "Unknown Heirs suit," and the judgment rendered

therein as the "Unknown Heirs judgment." Service of citation in that suit was obtained by publication, and the said heirs made no answer, except through an attorney ad litem appointed by the court. No motion for new trial was ever filed by any of said heirs or under authority from them. The attorney ad litem filed a motion for new trial a few weeks after the expiration of the term of court at which said judgment was rendered, and some five years later, the trial court entered an order purporting to grant said motion and set aside said Unknown Heirs judgment. During the pendency of the McCarthy suit in the trial court, G. G. Clough deeded to various persons an undivided interest in the Arriola league. At the time said deeds were made the respective grantees therein had actual knowledge of the fact that the McCarthy suit was pending. All said grantees, or their privies, are plaintiffs or interveners in the McLean suit. While the McCarthy suit was pending in the trial court, Marrs McLean, one of the above mentioned grantees, also acquired a claim to an undivided interest in the Arriola league, from one E. T. Stone, an alleged heir of Eduardo Arriola, who was a stranger to the McCarthy suit. In April, 1919, the McCarthy case was tried, resulting in a judgment that the plaintiffs "take nothing," by their suit. During the trial of the case, the plaintiffs therein offered in testimony the Unknown Heirs judgment, but same was excluded. The McCarthy case was appealed, and the Court of Civil Appeals reversed the judgment of the trial court. The case was then brought to this court on writ of error, and this court entered judgment reversing the judgment of the Court of Civil Appeals and affirming the trial court's judgment. (245 S. W., 651.)

■ Before proceeding to the consideration of other matters, we shall take up for consideration the contention of counsel for respondents respecting the action of the district court purporting to set aside the Unknown Heirs judgment some five years after same was rendered. Article 2236 of the Revised Statutes, provides that "In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection, (1) the court may grant a new trial upon petition of defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. * * *" Under this statute, a defendant cited by publication may obtain a new trial, for good cause, upon sworn motion for new trial filed within two years. The motion when filed by the defend-

ant, or under his authority, within the two-year period, is but the continuation of the original suit. Wiseman v. Cottingham, 107 Texas, 68. The statute does not authorize the attorney ad litem, who is but an arm of the court, to file such motion for the defendant. His authority to file a motion for new trial is coterminous with the power of the court itself, of its own motion, to set aside the judgment during the term of court at which the judgment was rendered. Crosby v. Bannowsky, 95 Texas, 451; Hunsinger v. Boyd et al., 119 Texas, 182. The authority of the court to set aside the judgment after the term of court expires, depends upon the court's jurisdiction in that respect being invoked by the defendant himself, or under his authority, within the period of time prescribed by the statute. The contention of counsel that the district court did not have jurisdiction to entertain the motion for new trial filed after term time by the attorney ad litem, or to set aside the Unknown Heirs judgment as was attempted, is sustained. The action of the court in that respect is void, and did not affect the judgment which was purported to be set aside.

■ We now pass to other contentions of the respondents. They say that since the Unknown Heirs judgment did not become final until after the McCarthy case was tried, said judgment, when it became final, had effect to invest them with the title to the Arriola league which was adjudicated in the Unknown Heirs suit, and therefore such title constitutes an after acquired title which they are at liberty to litigate in the McLean suit. The conclusion is fallacious. When the two-year period for the filing of a motion for a new trial in the Unknown Heirs suit expired, and the judgment therein became final, the effect was simply to render conclusive, as of the date of the judgment, the adjudications made. Although at the time the McCarthy suit was tried, the Unknown Heirs judgment, because of its inconclusive character, was not admissible in evidence to support the title which it purported to establish (Texas Trunk Ry. Co. v. Jackson, 85 Texas, 605; Faulk v. Sanderson, 89 Texas, 692; Waples-Platter Gro. Co. v. Texas & Pac. Ry. Co., 95 Texas, 486), nevertheless this did not excuse the plaintiffs in the McCarthy suit from showing title to the land. At the time the last mentioned suit was tried, the title that had been adjudicated in the Unknown Heirs suit was held by the plaintiffs in the other suit and the pendente lite purchasers from Clough. As regards their claim of title under Clough, said purchasers were virtually parties plaintiff in the McCarthy suit. The prosecution of the suit by Clough was for their benefit. Smith v.

Olsen, 92 Texas, 181. The judgment that the plaintiffs therein "take nothing" was conclusive of all claims of the plaintiffs to the land, and all claims acquired from them by the pendente lite purchasers, the latter knowing at the time of purchase that the suit was pending. The legal effect of such judgment was to transfer to the defendants all the rights which had been adjudged to the plaintiffs in the Unknown Heirs suit. Hoodless v. Winter, 80 Texas, 638; French v. Olive, 67 Texas, 400; Freeman v. McAninch, 87 Texas, 132; Stark v. Hardy, 29 S. W. (2d) 967; R. S., Art. 7381; Roseborough v. Cook, 108 Texas, 364.

■ However, the claim of title held by Marrs McLean, which he acquired from E. T. Stone, was not affected by the McCarthy judgment. This is so for the reason that Stone was a stranger to the McCarthy judgment and the claim acquired from him by McLean was not a subject of litigation in the McCarthy suit. The plaintiffs in the McCarthy suit could not put forward such claim as a basis for recovery. In respect of said claim there was no privity of interest between them and McLean. Even McLean himself could not, as a matter of right, have intervened and put such claim in issue in the McCarthy suit. Sherrod v. Terrell, 97 Texas, 97; 28 Tex. Jur., pp. 342-343. With respect to claims of title held by persons who are not parties to an action for the recovery of real estate, Article 7391, reasonably construed, does not embrace any of such claims except those which emanate from a party to the action after the commencement of such action. If the statute were of different import in this respect, grave constitutional questions would arise. Furthermore, the authorities recognize that the lis pendens doctrine has no application to independent titles not derived from any of the parties to the suit nor in succession to them. 17 R. C. L., p. 1028, sec. 23. Pomeroy's Equity Jur., 4th ed., vol. 2, p. 1237, sec. 637; Harrod v. Burke, 76 Kan., 909, 92 Pac., 1128, 123 A. S. R., 179; Merrill v. Wright, 65 Neb., 794, 91 N. W., 679, 101 A. S. R., 645. Our statute, as we construe it, does not call for an expansion of the rule in this respect.

■ The question arises as to the jurisdiction of this court to issue the writ of prohibition sought by relators. The affirmance of the trial court's judgment in the McCarthy case had effect to make that judgment the judgment of this court. Where rights are established by a judgment of this court, the court has undoubted power to secure, by any proper writ necessary to the end, the enjoyment of the rights so established. Where a suit is brought in an inferior court, by any of the parties or privies

to such judgment, against those in favor of whom the judgment was rendered, or their privies, and the suit directly involves the re-litigation of rights established by the judgment, and is of such nature that, if successfully prosecuted, will result in a judgment which will purport the divesting of those rights, the prosecution of such suit will be prohibited as being an interference with the enforcement of the judgment of this court. Conley v. Anderson, 164 S. W. (Supt. Ct.), 985; Hovey v. Shepherd, 105 Texas, 237; City of Palestine v. City of Houston, 262 S. W., 215. The suits which were prohibited in the cases cited were suits for permanent injunction to restrain the exercise of rights established by judgment of this court, but in that respect there is no substantial difference between a suit for permanent injunction and a suit in trespass to try title. The first does not more directly contemplate a judgment divesting, or obstructing the exercise of, rights established by this court's judgment than the other. See R. S., Art. 7388. The case of Milam County Oil and Mill Co. v. Bass, 106 Texas, 260, upon which respondents rely, differs from the present case, on the facts. In that case it is by no means clear that the judgment sought in the Hill County suit, the second suit, would directly interfere with the operation of the prior judgment of this court.

■ The adjudication of the rights of Marrs McLean under the deed from E. T. Stone properly belongs to the district court, and the prosecution of the claim there does not constitute such an interference with the rights established by the McCarthy judgment, as calls for action by this court. Further proceeding in the McLean case should not, therefore, be entirely prohibited. The writ of prohibition should issue commanding the respondents (including Judge O'Brien) to desist from proceeding further in the McLean suit except in regard to the claim just mentioned.

Adopted by the Supreme Court, April 18, 1934.