ment alleged that the property was received from one of said parties—is not sound.

There was abundant testimony that the property received by appellant from Vidauri et al. was of the value of more than $50.

The motion for rehearing will be overruled.

## TEXAS NAT. BANK v. ZELLERS et al.
### No. 2756.

Court of Civil Appeals of Texas. Beaumont.
Nov. 2, 1934.

Rehearing Denied Nov. 14, 1934.

E. L. Nall and Geo. Weller, both of Beaumont, for relator.

A. L. Shaw, of Beaumont, for respondents.

WALKER, Chief Justice.

This is an original proceeding filed in this court on the 19th of September, 1934, by the Texas National Bank of Beaumont, as relator, against B. F. Zellers, Henry Zellers, Adolph Zellers, Lillie Zellers, Lizzie Zellers, and Mary G. Zellers. Later, by amendment, Hon. J. D. Campbell, judge Sixtieth district court,

Jefferson county, was made a party respondent and filed waiver of service. On the facts alleged in its petition, relator prayed for a writ of prohibition restraining respondents from further prosecuting an intervention filed by them in cause No. 43579, Texas National Bank of Beaumont v. E. H. Hahn et al., on the docket of the Sixtieth district court of Jefferson county.

The principal suit was an action by relator against E. H. Hahn and wife upon a promissory note dated the 28th of March, 1928, in the principal sum of $4,116.67, and to foreclose a vendor's lien retained in the note against lot No. 10 in block No. 40, North addition to the city of Beaumont; the note was part of the consideration paid by Hahn to respondents for said lot, as evidenced by deed to him from respondents of even date with the note. To secure the payment of the note, the vendor's lien was retained both in the note and in the deed. Relator had the following title to the Hahn note: On or about the 12th day of December, 1932, it instituted its suit No. 40045 in the district court of Jefferson county against B. F. Zellers upon a promissory note executed by him to relator in the principal sum of $4,350, and to foreclose its lien given to secure that note upon certain collateral fully described in relator's petition. The Hahn note was a part of that collateral. Respondents B. F. Zellers, Mary G. Zellers, and her husband, Adolph Zellers, Lizzie Zellers and her husband, Henry Zellers, and Lillie Zellers, were parties to that suit; relator prayed for a foreclosure of its lien against all the collateral as against all the defendants. The defense pleaded by respondents was general demurrer, general denial, and that the Hahn note was the property of Mrs. Lillie Zellers at the time it was pledged to relator by B. F. Zellers. On October 5, 1933, judgment was entered in cause No. 40045 against B. F. Zellers for the amount of the note sued upon in the sum of $5,068.13, with foreclosure in relator's favor of the lien as pleaded against all the collateral, including the Hahn note, as against all the defendants. That judgment was not appealed from, and in all things became final.

On the 28th day of March, 1934, respondents, except Judge Campbell, filed suit in the district court of Jefferson county in the nature of a bill of review to set aside the judgment theretofore rendered against them in cause No. 40045 in favor of relator. In the bill of review it was alleged that the Hahn note belonged to Lillie, Mary G., and

Lizzie Zellers, and that the judgment in cause No. 40045 was entered against them without their knowledge or consent, and that their attorneys were not authorized to agree to the entry of the judgment. Relator answered the bill of review by general demurrer, etc. The bill of review came on to be heard on the 2d day of May, 1934, whereupon, all parties having announced ready for trial, the court sustained relator's general demurrer to the bill of review and "ordered, adjudged and decreed * * * that said cause be and the same is hereby dismissed." To that judgment respondents duly excepted, gave notice of appeal to this court, and in due time filed their appeal bond, but took no further steps to perfect their appeal. In due time relator filed its motion to have the judgment of the lower court in that cause affirmed on certificate, which motion was regularly submitted and in all things granted by this court. Our judgment of affirmance became final on our docket. Relator had order of sale issued in cause No. 40045, the collateral described therein, including the Hahn note, seized and sold under the order of sale, and at the sale became the purchaser of the Hahn note. All proceedings in this respect were regular. After purchasing the Hahn note, relator made demand upon Hahn for payment; payment being refused, it instituted the principal suit above referred to as cause No. 43579. Respondents then filed in that cause their intervention above referred to, pleading in the intervention that the Hahn note was the property of Lillie, Mary G., and Lizzie Zellers, and praying for judgment for title and possession of the Hahn note as against relator, and for judgment against the Hahns, for the balance due on the note, with interest, attorney's fees, costs, etc., with foreclosure of the vendor's lien. For cause of action in their plea of intervention, respondents pleaded the very facts pleaded in their bill of review, and, as against relator, prayed for the same relief in both causes of action. By its petition for prohibition herein, on the facts stated, relator prays that respondents be restrained from further prosecuting their plea of intervention, invoking the proposition that the affirmance of the trial court's judgment in the case wherein the general demurrer was sustained against respondent's bill of review made that judgment the judgment of this court, and that it is the prerogative of this court to secure to relator, by the proper writ, the enjoyment of the rights established in its favor by the judgment sustaining its general demurrer.

Opinion.

The writ of prohibition should issue against respondents in all things as prayed for by relator.

■ The judgment sustaining the general demurrer was a final adjudication in favor of relator of all issues raised by respondents' bill of review. By their bill of review, respondents pleaded specifically the facts relied upon by them for relief against the judgment rendered against them in cause No. 40045. It is thus made to appear that the demurrer went to the merits of respondents' cause of action and that it was not addressed to the mere form of the petition. In Scherff v. Missouri Pac. Railway Co., 81 Tex. 471, 17 S. W. 39, 26 Am. St. Rep. 828, it was held that, when a general demurrer to a petition is sustained, and plaintiff declines to amend, and a final judgment is rendered against him, he is precluded by the judgment from a recovery on the same cause of action. In Bomar v. Parker, 68 Tex. 435, 4 S. W. 599, it was held that a party who institutes an original action for a new trial, on equitable grounds, occupies no better position than one who makes his motion during the term at which the judgment is rendered, and he should be held to the diligence of prosecuting his action to a final determination; if a demurrer to his petition is sustained, and he fails either to amend or appeal, he is debarred of a second action.

■ In Halbrook v. Quinn (Tex. Civ. App.) 286 S. W. 954, it was held that, quoting first syllabus, "judgment, when affirmed by Court of Civil Appeals, on certificate, becomes the judgment of such court, and it has power by writ of prohibition and other appropriate writs to prevent interference with its execution." On facts on all fours with the facts of this case, discussing the duty of an appellate court to protect its judgments, the Commission of Appeals in Houston Oil Co. v. Village Mills Co., 71 S.W.(2d) 1087, 1089, said: "The question arises as to the jurisdiction of this court to issue the writ of prohibition sought by relators. The affirmance of the trial court's judgment in the McCarthy Case [(Tex. Com. App.) 245 S. W. 651] had effect to make that judgment the judgment of this court. Where rights are established by a judgment of this court, the court has undoubted power to secure, by any proper writ necessary to the end, the enjoyment of the rights so established. Where a suit is brought in an inferior court, by any of the parties or privies to such judgment, against those in favor of

whom the judgment was rendered, or their privies, and the suit directly involves the relitigation of rights established by the judgment, and is of such nature that, if successfully prosecuted, will result in a judgment which will purport the divesting of those rights, the prosecution of such suit will be prohibited as being an interference with the enforcement of the judgment of this court. Conley v. Anderson (Tex. Sup.) 164 S. W. 985; Hovey v. Shepherd, 105 Tex. 237, 147 S. W. 224; City of Palestine v. City of Houston (Tex. Civ. App.) 262 S. W. 215."

In point on this proposition, see, also, Martin v. Preston (Tex. Civ. App.) 73 S.W. (2d) 679; Annie Mitchell Toney v. Texas Standard Life Ins. Co. (Tex. Civ. App.) 74 S. W.(2d) 1119.

It is ordered that the writ of prohibition issue, as prayed for by relator.