**YOUNT–LEE OIL CO. et al. v. FEDERAL CRUDE OIL CO. et al.**

No. 2945.

Court of Civil Appeals of Texas. Beaumont. March 13, 1936.

Rehearing Denied March 18, 1936.

494

See, also, (Tex.Civ.App.) 82 S.W.(2d) 987.

Orgain, Carroll & Bell, Beeman Strong, and Steve M. King, all of Beaumont, for relators.

W. D. Gordon, E. E. Easterling, and Howth, Adams & Hart, all of Beaumont, for respondents.

COMBS, Justice.

This is an original proceeding for writ of prohibition.

Respondent Federal Crude Oil Company was appellant, and relators Yount-Lee Oil Company and B. E. Quinn were appellees, in the case of Federal Crude Oil Co. v. Yount-Lee Oil Co. et al., reviewed by this court and reported in 73 S.W.(2d) 969. That suit involved title to 13.8 acres of valuable producing oil land, being lots 5 and 7 of the Chisson-Hebert subdivision of the John Douthitt survey in Jefferson county. Yount-Lee Oil Company claimed title to lot 5, and B. E. Quinn claimed title to lot 7 by virtue of a deed from C. L. Rutt, receiver of the Federal Crude Oil Company, dated December 12, 1907, conveying both lots to J. F. Gilmartin, under whom Quinn and the Yount-Lee Oil Company deraigned title. Respondents in that case attacked the receiver's proceeding and contended that its title was not divested by the receiver's deed to Gilmartin. The relators in that case, in addition to relying upon their record title, pleaded that the judgment of this court in Yount et al. v. Fagin et al., 244 S.W. 1036, was res judicata of the question of validity of the Gilmartin deed. They also pleaded the judgment of the Fed-

eral District Court, affirmed in Fagin v. Quinn (C.C.A.) 24 F.(2d) 42, as res judicata of the same issue. The Yount-Lee Oil Company also pleaded limitation title to lot 5 claimed by it. This court affirmed the judgment of the trial court awarding title and possession of the land to Quinn and the Yount-Lee Oil Company. A writ of error against our judgment was dismissed by the Supreme Court of Texas for want of jurisdiction, and application for certiorari to the United States Supreme Court was denied, Federal Crude Oil Co. v. Yount-Lee Oil Co., 295 U.S. 741, 55 S.Ct. 655, 79 L.Ed. 1687.

Subsequently, respondent Federal Crude Oil Company, as plaintiff, filed suit in the Sixtieth district court of Jefferson county against relators, as defendants, in the nature of a bill of review to set aside the judgment; the suit being styled Federal Crude Oil Co. v. Yount-Lee Oil Co. et al. and numbered 30802-A on the docket of the court. That proceeding is pending in the district court.

In the case now before us the relators seek a writ of prohibition against the respondent Federal Crude Oil Company and its attorneys of record, and Honorable R. L. Murray, judge of the Sixtieth district court of Jefferson county, restraining them from proceeding to trial or further prosecuting the suit for review. A copy of the bill of review is attached to relators' application. The bill is grounded upon a charge of fraud in the procurement of the judgment affirmed by this court as above mentioned. The specific allegation is, in substance, that a material witness for the defendant gave perjured testimony in support of the issues of limitation, which were found in favor of the Yount-Lee Oil Company by the jury.

Respondents contend that this court is without jurisdiction to issue the writ of prohibition in this case. This contention is overruled. The affirmance of the judgment of the trial court made it the judgment of this court. The respondent Federal Crude Oil Company seeks, by means of a bill of review, to relitigate the issues determined against it in the suit, and ultimately to divest the rights secured to the relators by that judgment. It is elementary that the power of a court to determine by its judgment the rights of the litigants includes the power to protect the

successful litigant in the enjoyment of the rights secured to him by the judgment. Hence, the prosecution of the suit for review would constitute an interference with the enforcement of the judgment of this court, which threatened invasion of its jurisdiction it has power by writ of prohibition or other appropriate writ to restrain. Houston Oil Co. of Texas v. Village Mills Co., 123 Tex. 253, 71 S.W.(2d) 1087, 1089; Halbrook v. Quinn (Tex.Civ.App.) 286 S.W. 954; Texas National Bank v. Zellers (Tex.Civ.App.) 75 S.W.(2d) 890, and cases cited. As said by Justice Harvey, speaking for the Commission of Appeals in Houston Oil Co. of Texas v. Village Mills Co., supra: "The affirmance of the trial court's judgment in the McCarthy Case [Houston Oil Co. v. McCarthy (Tex.Com. App.) 245 S.W. 651] had effect to make that judgment the judgment of this court. Where rights are established by a judgment of this court, the court has undoubted power to secure, by any proper writ necessary to the end, the enjoyment of the rights so established. Where a suit is brought in an inferior court, by any of the parties or privies to such judgment, against those in favor of whom the judgment was rendered, or their privies, and the suit directly involves the relitigation of rights established by the judgment, and is of such nature that, if successfully prosecuted, will result in a judgment which will purport the divesting of those rights, the prosecution of such suit will be prohibited as being an interference with the enforcement of the judgment of this court. Conley v. Anderson (Tex.Sup.) 164 S.W. 985; Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224; City of Palestine v. City of Houston (Tex.Civ.App.) 262 S.W. 215."

Since the jurisdiction of this court has been properly invoked, it becomes our duty to consider whether the writ of prohibition should issue as prayed for. The determination of that question involves a consideration of the bill of review to determine whether it states a meritorious cause of action for setting aside the judgment under attack.

It is our conclusion that it does not, for two reasons:

■ First. As we have already stated, the gravamen of the bill is the alleged perjury of a witness upon a contested issue of fact. It is a rule well established by the decisions of the courts of our own and other jurisdictions that alleged perjury of a witness upon the trial, given upon a contested issue, which the adversary had opportunity to meet and refute, will not afford basis for setting aside the judgment on bill of review. United States v. Throckmorton, 98 U.S. 61, 68, 25 L.Ed. 93; Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95; Houston, E. & W. T. Ry. Co. v. Chambers (Tex.Civ.App.) 284 S.W. 1063; Reed v. Bryant (Tex.Civ.App.) 291 S.W. 605; 15 R.C.L. 770; 34 C.J. 280; Freeman, Judgments (5th Ed.) vol. 3, § 1241. The reason for the rule is thus stated by Mr. Freeman in his work on judgments, cited supra: "The procuring of a judgment by perjury, or subornation of perjury, is doubtless a fraud, and such a fraud as would induce equity to grant relief, were it not for the fact that its existence can rarely or never be ascertained otherwise than by trying anew an issue already tried in the former action. Whenever an issue exists in any action or proceeding, each of the parties should anticipate that his adversary will offer evidence to support his side of it, and should be prepared to meet such evidence with counter proofs. Where he has an opportunity to do this, and does not avail himself of it, or, though availing himself of it, is unable to overcome the effect upon the court or jury of the evidence offered by his adversary, he cannot, in effect obtain a retrial of the issue before another tribunal by charging that the judgment against him was procured by perjury, forgery, or false testimony."

As has been suggested in some of the cases, if a losing party may reopen a judgment and relitigate issues determined against him, because of alleged perjury of witnesses who testified upon the trial, the decree reopening the case, as well as the subsequent judgment therein entered, might be similarly attacked and set aside, and so on ad infinitum, so that all judgments of courts would be deprived of finality and continually open to attack. With reference to the mischief such a rule would work, Mr. Justice Miller, speaking for the United States Supreme Court, in the Throckmorton Case, supra, observed pointedly: "That the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are

afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

The respondent Federal Crude Oil Company had its day in court on the limitation issue, and it cannot now reopen the matter because of an alleged perjury on the trial of the issue.

In the second place, the testimony complained of had to do only with the issue of limitation. An inspection of the opinion of this court on the appeal of the case [73 S.W.(2d) 969] will show that while we discussed the issue of limitation at length, and held that Yount-Lee Oil Company had established limitation title to lot 5, we also held that the deed from C. L. Rutt, receiver, to J. F. Gilmartin divested the title of Federal Crude Oil Company, and that the judgment of this court in Yount et al. v. Fagin et al., 244 S.W. 1036, was res judicata of that issue. It was upon that holding alone that the judgment of the trial court in favor of Quinn for title to lot 7 was affirmed, since his title rested alone upon the receiver's deed to Gilmartin and his plea of res judicata based on the judgment of this court in the Fagin suit. Yount-Lee Oil Company's title was likewise deraigned under the receiver's deed to Gilmartin. It is therefore obvious that we held, in effect, that Yount-Lee Oil Company, like Quinn, was entitled to judgment, as a matter of law, on its record title, irrespective of the issue of limitation. From this it is perfectly apparent that even if respondents had alleged in their bill of review facts which would entitle them to overturn the finding of the jury with respect to the limitation issue, still they would not be entitled to reopen the judgment.

Respondents suggest that there is no allegation or showing that the trial judge has attempted, or will attempt, to try the case on bill of review. We think it immaterial whether the trial judge is preparing to try the case or whether he will entertain the bill when the matter is reached. The filing and attempted prosecution of the case by the respondent Federal Crude Oil Company constitutes the real matter complained of by the relators.

It is ordered that the writ of prohibition issue.