**EVANS et al. v. MOORE et al.**

No. 13754.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 17, 1937.

Thompson, Mitchell, Thompson & Young, C. A. Brown, and W. K. Koerner, all of St. Louis, Mo., and H. P. Smead, of Longview, for relators.

Alton V. Grant, of Longview, for respondents.

SPEER, Justice.

This is an application to this court to issue its writ of prohibition against A. M. Moore, as guardian of Vernon White, Jr., a minor, the Hon. Clarence E. McGaw, judge of the 124th district court of Gregg county, and others, to prevent the plaintiffs in a case pending in that court from prosecuting, and the court from hearing and determining, the issues there presented.

The application is presented by C. D. Evans, N. E. Williams, W. G. Wender, Glengary Oil Company, Lion Oil & Refining Company, and Shell Petroleum Corporation, the last three named being corporations. For convenience we shall refer to these applicants as relators and to those against whom the relief is sought as respondents.

Allegation is made that in May, 1935, respondents filed in the county court of Tarrant county a bill of review against relators and another to set aside an order of the county court of Tarrant county confirming a sale of the interest of Vernon White, Jr., the ward, in certain real estate located in Gregg county, Tex., that a general demurrer was sustained to the petition, from which ruling an appeal was taken to the Forty-Eighth district court of Tarrant county, and that upon an amended pleading that court, after hearing evidence thereon, denied the relief sought. From the judgment in the district court, an appeal was prosecuted to this court, and by an opinion on March 5, 1937, reported in Moore et al. v. Evans et al., 103 S.W.(2d) 850, the judgment of the district court was affirmed.

Relators further allege that on July 28, 1937, respondent Moore, guardian of Vernon White, Jr., filed a suit in the 124th district court of Gregg county, of which court respondent Clarence E. McGaw is the Presiding Judge, against relators, who were the defendants in the Tarrant county case, attacking the same orders of the probate court of Tarrant county as were attacked in the former suit tried in that county. Certified copies of the amended application for bill of review before the district court of Tarrant county and of the petition filed in the Gregg county case are attached to relators' petition here.

The issues involved in the Tarrant county case are fully stated in the opinion rendered by this court in Moore et al. v. Evans et al., supra, to which we refer without repeating them here.

It will be observed by a reading of our opinion above cited that we held the attack on the orders and decrees of the probate court were of a collateral nature, primarily for the reason the bondsmen of the guardian, when he qualified as such, as well as his bondsmen given when the sale was made, had not been made parties. We cited Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.(2d) 932, in support of the holding, and we think that case by the Supreme Court is decisive of the point at issue.

The copy of respondents' petition in the Gregg county case names the same defendants as those named in the Tarrant county bill of review, with the exception of the East Texas Royalty & Gauging Company, a corporation which was a defendant in the Tarrant county hearing. The record before us does not disclose what interest in the litigation the omitted corporation had; it was deemed a proper party to the Tarrant county case, and its rights were adjudicated in the appeal before us, along with its coappellees. Nor does the petition in the Gregg county case make the sureties on the guardian's bonds, mentioned in our opinion, parties defendant.

Respondents do not challenge the correctness of the copy of their petition, pleaded by relators. However, in their brief or reply to relators' application, this is said: "In the case at bar in the District Court of Gregg County, Texas, the respondents herein have made a direct attack upon the judgment of the Probate Court of Tarrant County and have made parties to said suit all the parties who were before the probate court in the bill of review, and the National Surety Company of New York and the two bondsmen in the sales bond, namely, R. A. Ransom and Eugene Brown."

If the copy of their petition attached to relators' application is correct, then the statement in the brief is error. This, however, we think, goes to the question before the Gregg county district court, among other things, in determining whether or not that attack is of a direct or collateral nature, and in that issue we have no concern and express no opinion.

The action in Gregg county, in its broadest sense, is of a dual nature. In one count it is in the statutory form of trespass to try title; but goes farther and pleads plaintiffs' title, such as by inheritance and limitation; further alleging that the orders of the Tarrant county court cast a cloud upon his title and prays for removal thereof. Again he also pleads that there has been removed from lands in controversy large quantities of oil in which he has an interest, and prays for an accounting and judgment for his proportionate part thereof.

If the Gregg county case was one in trespass to try title, without the further allegations which seek to avoid the orders of the probate court of Tarrant county, it would not necessarily appear that its prosecution would interfere with the enforcement of the judgment of this court, and certainly no restraining order would be issued in this proceeding. But where, as in the case now pending, the title is pleaded and ignores the validity of the judgment rendered by this court, we must take cognizance of it.

The rule of law in this state seems to be that, if a party specially pleads his title in addition to his action in trespass to try title, he is dependent upon the title thus pleaded, and all dilatory pleas of his adversary will go to the nature of his alleged title and the general plea may be, to that extent, disregarded. Snyder v. Nunn, 66 Tex. 255, 18 S.W. 340; McDonald v. Red River, etc., 74 Tex. 539, 12 S.W. 235; National Lumber & Creosoting Co. v. Maris (Tex.Civ.App.) 151 S.W. 325; Gatewood v. Graves (Tex.Civ.App.) 241 S.W. 264; Clarke v. A. B. Frank Co., (Tex.Civ.App.) 168 S.W. 492 (writ refused).

The pending suit in Gregg county is between precisely the same parties (excepting one defendant in the Tarrant county case) and involves the same issues previously tried and determined by the Tarrant county court; when we affirmed that judgment, it became the judgment of this court, and it cannot be denied that Courts of Civil Appeals have the power, and that it is their duty, to stay any act which interferes with the enforcement of such decrees. Article 1823, Rev. Civ. Statutes; Houston Oil Co. v. Village Mills Co., 123 Tex. 253, 71 S.W.(2d) 1087, 1089.

The duty of this court to protect its judgments does not require it to wait until some physical act or obstacle is placed as a barrier before those whose duty it is to execute its mandates, but may be exercised when a suit has been instituted in any court which may result in its defeat. To this effect is Houston Oil Co. v. Village Mills Co., supra, where it was said: "Where rights are established by a judgment of

this [Supreme] court, the court has undoubted power to secure, by any proper writ necessary to the end, the enjoyment of the rights so established. Where a suit is brought in an inferior court, by any of the parties or privies to such judgment, against those in favor of whom the judgment was rendered, or their privies, and the suit directly involves the relitigation of rights established by the judgment, and is of such a nature that, if successfully prosecuted, will result in a judgment which will purport the divesting of those rights, the prosecution of such suit will be prohibited as being an interference with the enforcement of the judgment of this court. Conley v. Anderson (Tex.Sup.) 164 S.W. 985; Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224; City of Palestine v. City of Houston (Tex.Civ.App.) 262 S.W. 215."

It follows that the writ prayed for should issue, and it is so ordered, commanding the respondents, including Judge Clarence E. McGaw, to desist from proceeding further in the Gregg county case, except in the matter of the claim of respondents for an accounting and recovery, if proven, for oil taken from the lands to which they may be entitled.