AMERICAN LAW BOOK CO. et al. v.
CHESTER et al.

No. 3297.

Court of Civil Appeals of Texas. Beaumont

Nov. 18, 1937.

Rehearing Denied Dec. 15, 1937.

B. F. Pye, of Beaumont (S. P. Dunn, of Beaumont, of counsel), for relators.

E. M. Chester, of Beaumont, for respondents.

PER CURIAM.

On the 25th day of February, 1937, this court entered its judgment, Chester v. American Law Book Company (Tex.Civ. App.) 102 S.W.2d 501, 503, affirming a judgment of the county court of Jefferson county at law, in favor of relator, American Law Book Company, against respondent, E. M. Chester, for the sum of $275, with interest and for the foreclosure of a chattel mortgage lien against certain law books. Motion for rehearing against our judgment was filed by respondent Chester and overruled, and his petition for writ of error was dismissed by the Supreme Court. Relator paid all costs in that litigation, our mandate was returned to the lower court, and order of sale was regularly issued by the clerk of the lower court, whereupon respondent Chester on the 4th day of June filed his petition in the lower court in the nature of a bill of review, praying that the judgment as affirmed against him by this court be set aside. For grounds of relief respondent Chester alleged that, after he issued the check sued upon in the original suit, he paid relator $120 thereon. He prayed further for issuance of an injunction against relator restraining the execution of the order of sale pending a final hearing upon the bill of review.

In the original suit respondent Chester answered relator's petition only by the plea set out in our opinion, and by his motion for new trial in the lower court made only the contentions set out in our opinion. There was no suggestion in the lower court nor in this court that he had paid the $120 put in issue by the bill of review.

On the 16th day of August, 1937, relator filed its petition in this court praying for a writ of prohibition against respondent Chester and others, restraining them from a further prosecution of the bill of review as filed in the lower court; for ground of relief it pleaded that if successfully prosecuted the bill of review would result in a judgment divesting it of the rights granted it by our judgment of affirmance in the original cause of action. By his answer herein respondent Chester pleads only that he had paid the $120 as alleged in his bill of review; that relator concealed from him the fact of the payment; that because of sickness at the time the original case was tried in the lower court he was prevented from making his defense. Neither in the lower court nor by answer herein did respondent plead any excuse for not suggesting this defense in his motion for new trial, except the fact that he did not discover the payment in time to plead it as a defense; neither in the lower court nor in this court did he make tender of the amount of the judgment against him, less credit of the $120.

### Opinion.

Relator is entitled to its writ of prohibition as prayed for. The affirmance of the judgment of the lower court against respondent made that judgment the judgment of this court; and the successful prosecution by respondent of his bill of review would have the effect of divesting out of relator the rights granted him by our judgment of affirmance, affirmatively invoking the following proposition announced by this court in Yount-Lee Oil Co. v. Federal Crude Oil Co. (Tex.Civ.App.) 92 S.W.2d 493, 495: "The prosecution of the suit for review would constitute an interference with the enforcement of the judgment of this court, which threatened invasion of its jurisdiction it has power by writ of prohibition or other appropriate writ to restrain."

See, also, Toney v. Life Insurance Co. (Tex.Civ.App.) 74 S.W.2d 1119; Texas Nat. Bank v. Zellers (Tex.Civ.App.) 75 S.W.2d 890; Martin v. Preston (Tex.Civ. App.) 73 S.W.2d 679; Halbrook v. Quinn (Tex.Civ.App.) 286 S.W. 954; Houston Oil Co. v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087; Life Insurance Co. of Va. v. Sanders (Tex.Civ.App.) 62 S.W.2d 348; Rio Bravo Oil Co. v. Hebert (Tex.Sup.) 106 S.W.2d 242. Against this conclusion respondent invokes Eddingston v. Acom (Tex.Civ.App.) 287 S.W. 96; that case is

952

not controlling since it was decided before the Supreme Court announced its opinion in Houston Oil Co. v. Village Mills Co., supra. No one questions the power of a court to review its own judgment on a bill of review, on a proper showing, as held by the Commission of Appeals in Winters Mutual Aid Ass'n v. Reddin, 49 S.W.2d 1095, 1096. But the judgment attacked by respondent Chester is the judgment of this court, not the lower court, and for that reason the authorities cited by him in support of his bill of review are not in point.

If we should approve the doctrine of Halbrook v. Quinn, supra, that we have the power to release to the lower court our jurisdiction to review our judgment of affirmance, it is sufficient to say, first, that respondent does not invoke that relief; and, second, that respondent has not brought himself within the rules entitling him to equitable relief by bill of review. In Wagley v. Wagley, 230 S.W. 493, 495, this court stated the well-established rule: "That judgment may be set aside by a direct suit brought for that purpose, upon a proper showing of fraud, accident, or mistake. It is also a fixed and rigid rule that such relief will not be granted unless the party seeking same can show that he was prevented from making a valid defense to the action in which the judgment was rendered against him by fraud, accident, or the act of the opposite party unmixed with fault or negligence on his part."

As a matter of law we must say that respondent knew that he had issued the check for $120; his only excuse for not presenting his defense in the lower court was that he was sick when the case was tried, but that excuse could not avail him against his failure to present his defense on motion for rehearing. No fraud was practiced against him by relator, nor was he prevented from making his defense by "accident"; he relies upon "mistake." Under the holding of the court in Clemmons v. Johnson (Tex.Civ.App.) 167 S.W. 1103, 1104, the facts pleaded by respondent are not sufficient to invoke the doctrine of "mistake"; the court said:

"The fourth assignment of error, which complains of the refusal of the trial court to grant defendant a new trial because of newly discovered evidence, cannot be sustained.

"The record shows that the defendant knew of the alleged newly discovered evidence prior to the trial and made no effort to produce said evidence on the trial; his only excuse for not having the witness' testimony being that the matter had 'slipped' his memory. In this state of the record it cannot be held that the trial judge abused his discretion in refusing to grant a new trial on the ground of newly discovered evidence."

In the Reddin Case, supra, the Commission of Appeals said: "The courts of this state are liberal in construing the rights of litigants in prosecuting appeals to the appellate courts. However, when a writ of error is granted by the Supreme Court, it has the effect to deprive the trial court of jurisdiction of that case pending the appeal. The writ applied for and granted was based upon the errors committed by the trial court and Court of Civil Appeals in disposing of the merits of this cause. Until those issues are disposed of, the Supreme Court has exclusive jurisdiction. The rule is well settled that, if it appears that the matters complained of in the equitable suit to vacate the original judgment could have been presented to the trial court in the original proceedings, and brought up by appeal for review, a suit in equity to vacate the judgment would not lie. This rule rests upon the principle that it is the policy of the law to avoid a multiplicity of suits. Waggoner v. Knight (Tex.Com.App.) 231 S.W. 357; Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994, 995; Hermann v. Allen, 103 Tex. 382, 128 S.W. 115."

For the reasons stated, the writ of prohibition is granted in all respects prayed for by relator.