**JENSON et al. v. SNELSON et al.**

No. 3814.

Court of Civil Appeals of Texas. El Paso.

Feb. 23, 1939.

Rehearing Denied March 9, 1939.

Henry Russell and Hill D. Hudson, both of Pecos, and John W. Stayton, of Austin, on the brief, for appellants.

T. H. Neel, Co. Atty., of Monahans, and John B. Howard and Potash & Cameron, all of El Paso, for appellees.

NEALON, Chief Justice.

Appellants were plaintiffs in the court below and appellees were defendants. These designations will be preserved in considering this appeal. Plaintiffs filed a petition in the District Court of Ward County on May 21, 1938, in which they sought to set aside and hold for naught a judgment theretofore entered by said court in an election contest case on February 7, 1938. The election contest was filed December 6, 1937 and the plaintiffs in that suit prayed to have set aside and annulled the declared result of an election to remove the court house of Ward County from Barstow to Monahans, it having appeared upon the face of the returns that at an election theretofore held a sufficient majority was cast in favor of removal. In the original contest the plaintiffs therein alleged that the petition for the election was void on account of the failure of a majority of the freeholders and qualified voters to join in it, the county seat, it being alleged, having been Barstow for more than forty years. Plaintiffs in the contest alleged that when the names of certain unqualified persons were eliminated the required number would not remain upon the petition. They further alleged that since the facts required a two-thirds majority of the qualified voters to carry the election, and many unqualified persons had voted therein, and other votes had been counted in favor of removal, the correct result would be against the proposition to remove; they also alleged that the election was void because within ten years prior to the holding thereof, to-wit, on November 19, 1927, an election had been held in an attempt to remove the county seat from the town of Barstow. A number of attacks were made upon the manner in which the election was held and result secured, including alleged destruction of ballots in favor of Barstow and failing to count votes cast in favor of Barstow aggregating a sufficient number to reduce the majority below the required two-thirds. Upon hearing the court entered judgment reciting that it had

"considered the pleading and the evidence and the argument of counsel" and the admission of defendants that the election was void, and it being the opinion of the court that the election was void said election was declared null and void, the returns thereof cancelled, the order of the Commissioners' Court declaring the results thereof and declaring the county seat of Ward County removed from the town of Barstow to the town of Monahans set aside, cancelled and annulled. It was further declared in said judgment that the county seat of Ward County "is at Barstow, in Ward County, and that said election was ineffectual ·to remove said county seat because said election was void." No exception was taken to said judgment and no notice of appeal given at the time it was rendered. As recited, the petition to set aside said judgment was filed May 21, 1938.

This latter petition recited that plaintiffs therein were parties to the original contest; that said original proceeding was an ordinary election contest attacking the validity of the order of the Commissioners' Court declaring the result of the election and challenging the illegal voters who voted in the election; that the answer filed by the contestees did not deny the truth of plaintiffs' pleading as to illegal voting, "but in effect pleaded a lack of knowledge and asked for judgment in accordance with the facts to be established"; that residents of the town of Monahans appeared and participated in the trial though without intervening to become parties; "that thereafter apparently the said attorney (meaning the attorney for said residents) and said interested parties so defending said contest abandoned said defense, and the court entered herein an order declaring said election void"; that no agreement was made in the course of the contest and no one had the right to make an agreement. The petition then alleged, however, "these petitioners are informed that said parties (evidently meaning some residents of Monahans) made an agreement by which it was understood that no election was to be called for ninety days after the date of said contest and if the contestants requested it an additional ninety days was to be granted, making a total of six months, and if the parties could not agree upon the location of said courthouse at the end of said six months period that at any rate the contestants would not attempt to prevent a new election to be called after such period or attempt to set aside the result of such election." Plaintiffs alleged that the agreement was made without lawful authority but in good faith, except plaintiffs were not parties thereto and did not know of it, but said interested parties from Monahans did not intend to keep it because they saw that the first election had resulted in a majority of the qualified voters voting in favor of the town of Barstow, and this would prevent a new election within five years; that said agreement was void; that the result of the election as declared was void but the election was valid, and the court, "after hearing the evidence introduced together with other evidence already having an introduction," should have declared the result in favor of the court house remaining at the town of Barstow. It was alleged that the petition was filed as a direct attack upon the judgment rendered. Petitioners prayed that the court proceed to hear the balance of the evidence as to the challenged votes and enter judgment in accordance with the facts found upon a further hearing of the contest and declare that the result of the election be set aside and that the election be declared to have resulted in favor of the county seat remaining in the town of Barstow. The petition filed in May was signed by the same attorneys who filed the original contest and whose approval of the form of judgment entered therein appears in the record.

The County Judge and County Attorney, as parties defendant, filed a plea in abatement alleging as grounds therefor: (1) that plaintiffs were guilty of laches on account of having waited an unreasonable time within which to file their motion as the number of witnessses necessary to try the case was considerably more than one hundred, and it would be difficult, if not impossible, to then procure the testimony; and (2) because it was a collateral attack; (3) because it was expressly pleaded in the original cause that the election was void on account of the 1933 amendment to the statute (Vernon's Ann.Civ.St. art. 1601) relating to the removal of county seats, and plaintiffs having invoked the jurisdiction of the court to have said election declared void were now estopped from asserting that the court had no such jurisdiction; (4) because the judgment was valid on its face; and, lastly, because the plaintiffs

showed no such interest as would justify them in maintaining the suit. General demurrer and special exceptions were also filed. The court sustained the plea in abatement as well as the general and special exceptions. Plaintiffs refused to amend, announcing in open court that they stood upon their petition. The cause was thereupon dismissed. Plaintiffs appeal from the judgment of dismissal.

## Opinion.

Appellants insist that this cause should be reversed and remanded that the District Court may hear further evidence as to the charges made in the original contest.

An examination of the transcript shows a peculiar state of pleading. In answer to plaintiffs' contest the County Judge and County Attorney demurred generally, and, upon the facts, answered that they were sued in their representative capacities; that they had no personal interest in the matter and had not investigated or caused to be investigated the truth of the allegations made in contestants' pleadings; that the only interest they had was to assist the Court in determining the matters in controversy; that the parties at interest were residents of Ward County; that an attorney, Mr. Earl Earp, of Monahans, had advised them that he represented certain residents and because of such interest asked leave to file answer in behalf of defendants. Defendants then alleged that to the end that proper judgment might be entered they had permitted said attorney to file the answer prepared by him, which they attached to their answer and made a part thereof, though disclaiming knowledge as to the truth of the allegations therein made.

The answer as prepared by Mr. Earp was filed in the names of the County Judge and County Attorney. It included general demurrer, special exceptions and affirmative fact defenses. It attached a list of persons whom it charged to have been counted as favoring the retaining of the county seat at Barstow, and who it further charged were not qualified to vote, stating the alleged disqualification in each case. Various irregularities were charged as occurring in Precinct No. One, in which the majority was in favor of Barstow, and affirmative allegation was made that if all disqualified votes were excluded from the count, the vote would have been 1149 in favor of removal to Monahans and 119 in favor of remaining at Barstow.

The petition or motion to open the judgment rendered upon the hearing was not filed at the same term at which said judgment was rendered, but was filed at a subsequent term. It is not charged that appellants were prevented from presenting their full case at the time of the hearing nor that any fraud was practiced in the procurement of the judgment. Their prayer for reversal seems to be predicated entirely upon the theory that, this being an election contest and the prayer of contestants having been limited to an attempt to set aside the declared result and have the Court decree that the result of the election was in favor of retaining Barstow as the county seat, the Court was without jurisdiction to adjudge the election void; that its jurisdiction was limited merely to investigating the manner of holding the election and declaring the result after excluding all illegally cast ballots. It further proceeds upon the theory that the judgment was entered by consent, and that in a suit of this character none of the parties have a right to enter into an agreed judgment because they represent all qualified voters who desire to set aside the declared result of the election.

Appellants' contentions ignore two factors. The first is the allegation in appellants' last pleading to the effect that the Court did hear evidence, and the second is that the judgment of the Court does not indicate that it was an agreed judgment. It does indeed recite that defendants (appellees here) admitted in open court that the election was void, but apparently the judgment was not based upon that admission alone. It recited that the Court had "considered the pleading and the evidence and the argument of counsel" and was of the opinion that the election was void.

The appellants, however, assert that the Court had no jurisdiction to declare the election void because it could not go beyond the allegations and prayer of appellants' pleadings. Admitting that they had alleged that for two reasons the election was void, they urge, nevertheless, that this allegation having to do with matters taking place before election day constituted surplusage, and should not have been considered in the hearing of the contest. We think that this last contention is correct; but we have here a case in which the plaintiffs prayed, not merely

504

for a judgment annulling the votes of those alleged to be disqualified, but in which likewise there was a prayer for general relief. Article 3069, Revised Civil Statutes, provides that contests of the validity of elections held for any other purpose than the election of certain named officers shall be within the jurisdiction of the district court and heard in the same manner and under the same rules as are applicable for contesting the validity of an election for a county office. Article 3054, R.C.S., empowers the trial court to adjudge the election void and direct the proper officers to order another election if it appears on the trial that it is impossible to ascertain the true result of the election as to the office about which the contest is made either from the returns of the election or from any evidence within reach or from the returns considered in connection with other evidence; or should it appear from the evidence that such a number of legal voters were by the officers or managers of the election denied the privilege of voting as had they been allowed to vote would have materially changed the result. The order entered, therefore, as far as it went, was within the power conferred upon the Court by statute.

The Court made no findings of fact upon which it based its judgment declaring the election void. The petition alleges nothing to indicate that the judgment was not arrived at in good faith. We think that the allegations of the various parties together with the prayers for relief were sufficient to invoke the entire jurisdiction of the court under the election contest statutes. It had jurisdiction in a proper case to adjudge the election void. There are no allegations sufficient to indicate that the judgment was entered without evidence of sufficient probative force to justify the judgment. Conceding, as urged by appellants, that the District Court's jurisdiction is a limited one in this class of cases, yet it appearing that all steps necessary to exercise jurisdiction are shown to have been taken, and that the judgment declaring the election void under certain conditions is authorized by statute and that the trial court heard evidence as to the manner in which the election was conducted, we think the language used by the Supreme Court in Brown v. Wheelock, 75 Tex. 385, 12 S.W. 111, 841 (a special proceeding involving the removal of a minor's disabilities) is ap-

plicable: "We take it the evidence upon which the judge has acted need not be shown. When it is made to appear that the statute has been complied with, then the order should be deemed conclusive." At most, we think the effect of the allegations is that the judgment was erroneous, not void. In such case review must be had by appeal as in civil cases. R.C.S. art. 3056; Frank v. Sufford, Tex.Civ.App., 216 S.W. 283; Younger v. Glass, Tex.Civ.App., 76 S.W.2d 544.

The judgment of the District Court is affirmed.