**SNELSON et al. v. DRANE, Judge, et al.**

No. 3943.

Court of Civil Appeals of Texas. El Paso.
Sept. 28, 1939.

Rehearing Denied Nov. 9, 1939.

T. H. Neel, Co. Atty., of Monahans, and John B. Howard and Potash & Cameron, all of El Paso, for complainants.

Roy A. Downey, of Royalty, for respondents.

PRICE, Chief Justice.

This is an original proceeding in this Court brought by the County Judge, the County Attorney and the County Commissioners of Ward County, all acting in their official capacities, against the Honorable J. A. Drane, Judge of the District Court of Ward County, Ross Carr, and Honorable Roy A. Downey. The object of the proceeding is to have this Court prohibit and enjoin the further prosecution and trial of a suit filed on June 8, 1939, in the District Court by said Carr, through his attorney, Mr. Downey.

■ It is, of course, well settled this Court has the authority to issue the writ of mandamus and all other writs necessary to protect its judgments against any wrongful interference therewith. Such wrongful interference would infringe upon the jurisdiction of this Court. Article 1823, Revised Statutes; Nash v. Hanover Fire Ins. Co., Tex.Civ.App., 79 S.W.2d 182.

A brief summary of the proceedings occurring prior to the institution of the suit by respondent on the 8th day of June, 1939 is necessary to a proper understanding of our disposition of this proceeding.

On the 6th day of December, 1937, O. P. Jenson and others filed in the District Court of Ward County a contest of an election theretofore held to determine whether the county seat be moved to Monahans or remain at Barstow. The declared result of such election was in favor of removal. The petition assailed the validity of the election and sought to have the declared result annulled and to have same declared to be against removal. On February 7, 1938, the Court entered judgment declaring the election void. Contestants did not appeal from this judgment and same became final in the election contest case. Another election was shortly thereafter held to determine whether the county seat should be removed from Barstow to Monahans. This election was in favor of Monahans, and it seems that the regularity and legality thereof have not been questioned.

On the 21st day of May, 1938, contestants filed a motion to set aside said judgment. This motion contained allegations sufficient to constitute same a bill of review. Contestees filed answer to this motion pleading in abatement and by general demurrer and special exceptions. Thereafter the Court sustained contestees' plea of abatement, general demurrer and special exceptions. The contestants declined to amend, and thereupon the Court dismissed the suit. An appeal was perfected to this Court and thereafter the judgment of the trial court was affirmed. See Jenson v. Snelson, Tex.Civ. App., 126 S.W.2d 500. An application for writ of error was dismisssed by the Supreme Court. The pleadings in the case are summarized in Jenson v. Snelson, supra, and for that reason are not set out here.

It must be borne in mind that there are two judgments of the District Court of Ward County involved here. The first judgment in the election contest wherein the election was declared void, the second wherein the bill of review was denied and the appeal perfected therefrom. The second judgment was affirmed by this Court on appeal. A writ of error was dismissed for want of jurisdiction by the Supreme Court and same thereby became the judgment of this Court. Relators claim that the prosecution by respondents' of this suit is an interference with the judgment of this Court in that case.

It was adjudicated by the first judgment that the county seat election was void; by the second suit that the judgment in the first suit was a valid judgment.

■ Respondent Carr was bound by each of the judgments unless same are set aside. While he was not a party to the record to either, the election contest and bill of review were both class suits. Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224.

Respondent Carr is likewise prosecuting a class suit seeking to set aside the judgment in the election contest case. The grounds alleged are substantially that in fact the result of the election was in favor of the county seat remaining at Barstow, but the result was fraudulently declared in favor of Monahans; that contestants had evidence on hand to sustain such facts and sufficient evidence had been introduced to indicate this fact to contestees; that thereupon an agreement was entered into between contestees and contestants that a judgment be entered declaring such election void. Further, the judgment was entered by the Judge on this agreement and not as stated therein in the pleadings, evidence and argument of counsel; that the agreement was void.

Plaintiff pleaded that he was a resident citizen of Ward County at the time of the institution of the contest and the rendition of such judgment and was represented by said contestants; that their acts in making such agreement was tantamount to fraud, and he is entitled to have said election contest proceed to trial. He seeks to have such judgment set aside.

The following are the allegations with reference to the judgment in the bill of review case: "That after said contest and unlawful order said contestants attempted to have same set aside by said petition filed in said election contest to set aside said judgment, which did not bind the public and this plaintiff because it did not allege the facts as they are herein alleged, and did not affirmatively state and present to the court the issue of whether or not such judgment, hav-

ing been entered by agreement, was binding, and, therefore, the element of a fair trial required in such proceeding where the public is to be bound was not present, and hence this suit can and should be filed by this plaintiff."

It is sought to set aside the election contest judgment, not the judgment holding same a valid judgment. If the plaintiff prevails in his suit, it will nullify the judgment entered by this Court holding said judgment valid. Plaintiff was bound by the judgment in that suit, that is, the bill of review suit. There is no allegation of fraud or unlawful agreement as to that action. If plaintiff prevails in this action, it will nullify the judgment of this Court in Jenson v. Snelson.

■ This judgment was on a general demurrer. This fact does not rob it of its finality as an adjudication of the merits of the case.

In the case of Houston Oil Company of Texas v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087, 1089, Judge Harvey said, in the course of the opinion: "Where a suit is brought in an inferior court, by any of the parties or privies to such judgment, against those in favor of whom the judgment was rendered, or their privies, and the suit directly involves the re-litigation of rights established by the judgment, and is of such a nature that, if successfully prosecuted, will result in a judgment which will purport the divesting of those rights, the prosecution of such suit will be prohibited as being an interference with the enforcement of the judgment of this court."

This language was quoted with approval by Judge Sharp in Rio Bravo Oil Co. v. Hebert, Tex.Sup., 106 S.W.2d 242. In support of this principle Judge Sharp also cited Yount-Lee Oil Co. v. Federal Crude Oil Co., Tex.Civ.App., 92 S.W.2d 493. Since its rendition the case of Houston Oil Co. of Texas v. Village Mills Co., supra, has been followed in numerous cases: Rankin et al. v. Nash-Texas Co., Tex.Civ.App., 73 S.W.2d 680; Texas Nat. Bank v. Zellers et al., Tex.Civ.App., 75 S.W.2d 890; Evans et al. v. Moore et al., Tex.Civ.App., 109 S. W.2d 359; American Law Book Co. et al. v. Chester et al., Tex.Civ.App., 110 S.W.2d 950; Elder et al. v. Byrd-Frost, Inc., et al., Tex.Civ.App., 110 S.W.2d 172.

■ ■ We are constrained to hold that where purpose and effect of an action are to render a judgment of an appellate court nugatory that same constitutes an interference therewith justifying a prohibition of the prosecution thereof. However, we do not mean to hold that even though a judgment be appealed and affirmed that same may not, in a proper case, be assailed in the trial court. Stated in another way, we hold that a suit ignoring a judgment of an appellate court which seeks to relitigate the matters concluded by said judgment is an interference with same and the prosecution thereof should be prohibited. As has been heretofore stated, if respondent prevails in his suit, the holding in Jenson v. Snelson, supra, thereby becomes of no force and effect.

■ Respondent Carr, together with all parties to the judgment similarly situated, obtained benefits from the judgment he now assails. This benefit was, the election was declared void and ineffective to remove the county seat from Barstow to Monahans. Had such judgment been obtained setting aside the declared result and declaring the result to have been against the removal the only additional right created would have been that there could not have been another county seat election for five years.[1] See Article 1601, Vernon's Annotated Civil Statutes. Under the judgment the county seat remained at Barstow until another election was held which, as before stated, went in favor of Monahans. However, these facts would not justify the granting of a writ of prohibition.

■ In another class suit in the District Court of Ward County entitled Miller v. Snelson, to which plaintiff was a party by virtual representation, it was held that Monahans was the county seat. This case reached the Supreme Court and it was there held Monahans was the county seat. Miller v. Snelson, 129 S.W.2d 288, 289. In the course of the opinion in that case Judge Hickman said: "Another ground was that the bonds were to be used for the purpose of erecting a courthouse at Monahans, which, it was alleged, was not the county seat of Ward county. It has now been definitely adjudicated that Monahans is the county seat of Ward county and was at the time the bond election was called. Jenson v. Snelson, Tex.Civ.App., 126 S.W.2d 500. The bonds could not be declared void on this ground."

However, if the action did interfere with the judgment of the Supreme Court in the

---

[1] Rutledge v. Atkinson, Tex.Civ.App., 101 S.W.2d 376.

case of Miller v. Snelson, that would not afford grounds for prohibition by this Court.

We have given careful consideration to the fact that a writ of prohibition is an extraordinary remedy. The acts and discretion of other courts and parties should not be prohibited except in extraordinary cases. We are further aware that it is not in every case where a plea of res judicata may be validly urged a writ of prohibition is justified. It is believed, however, that the facts as appearing in this record justify and demand the issuance of the writ.

It is ordered that writ of prohibition issue addressed to Judge Drane, respondent Carr and respondent Downey, attorney, prohibiting said named parties from taking further steps in the trial or prosecution of the said cause.